UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ANTHONY C. ROTH, )
    on behalf of Lester L. Bower, Jr., )
1111 Pennsylvania Avenue, NW )
Washington, DC 20004, )
                Plaintiff, )
)
          v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
950 Pennsylvania Avenue, NW )
Washington, DC 20530, )
                Defendant. )
)

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT

1. Plaintiff Anthony C. Roth, on behalf of Lester Leroy Bower, Jr., brings this action against Defendant United States Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, to enjoin Defendant from improperly withholding from Plaintiff records of the United States Department of Justice.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue in the District of Columbia is proper under 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4. Plaintiff Anthony C. Roth is an attorney who, on behalf of his client, Lester Leroy Bower, Jr., has requested and has been refused access to records of the United States Department

of Justice and its components, the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA"). Mr. Bower is a death-row inmate in Livingston, Texas. On April 22, 2008, a death warrant was signed by the Texas state court for Mr. Bower to be executed on July 22, 2008.

5. Defendant United States Department of Justice, is an agency within the meaning of 5 U.S.C. § 552(f), is subject to the requirements of the FOIA, and controls the FBI and the EOUSA, both of which are components of Defendant. Plaintiff sent his FOIA requests to these components and these components have improperly withheld the records at issue here.

## FACTUAL ALLEGATIONS

6. Mr. Bower was convicted in April 1984 in *State v. Bower*, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas, for four murders committed on October 8, 1983. The investigation that culminated in Mr. Bower's arrest was conducted not only by the local authorities but by the FBI as well because the local authorities originally believed that the murders were gang and drug related. The case against Mr. Bower was prosecuted not only by the local district attorney but also the U.S. Attorney's Office as a part of a coordinated program of prosecution on both State and Federal levels.

7. After exhausting his direct appeals, in 1989, Mr. Bower filed a petition for writ of habeas corpus in Texas state trial court and in the Texas Court of Criminal Appeals ("State Petition"). Shortly after he filed this State Petition, a witness came forth and identified four men, none of them having any connection to Mr. Bower, as the real perpetrators of the murders for which Mr. Bower was convicted. (Due to safety concerns for this witness, the habeas courts permitted the witness to be referred to as "Witness No. 1.") Witness No. 1 provided an affidavit

about these four men and indicated that—contrary to the prosecution's theory—the murders were drug-related. Bower's habeas counsel investigated Witness No. 1's statements, including talking to the four men identified as the real perpetrators, and provided to the state courts additional affidavits of an investigator, which corroborated Witness No. 1's sworn statements. Despite the evidence of his actual innocence, both state courts refused to provide Mr. Bower with any discovery, refused to hold an evidentiary hearing, and then denied the petition.

8. In 1992, Mr. Bower filed a petition for writ of habeas corpus in U.S. District Court for the District of Texas ("Federal Petition"). He supported his Federal Petition with the affidavit of Witness No. 1 and investigator affidavits, as well as other affidavits. One of these additional affidavits was the sworn statement of a close friend of one of the murder victims. (The habeas courts permitted this witness to be referred to as "Witness No. 4" due to concerns for the safety of this witness.) In his affidavit, Witness No. 4 stated that he had met Witness No. 1 in 1984 in a recovery meeting of Narcotics Anonymous, and that at one of these meetings in 1984, Witness No. 1 had told him that her boyfriend was responsible for the four 1983 Grayson County murders and that the murders had been drug-related. Both Witness No. 1 and Witness No. 4 testified at an evidentiary hearing in 2000 before the court in the Eastern District of Texas. Other witnesses who testified at the evidentiary hearing provided additional support that the murders were drug-related and had nothing to do with Mr. Bower.

9. During the proceedings relating to the Federal Petition, Mr. Bower learned that although the state prosecutor claimed to have turned over his entire investigative file to Mr. Bower's trial counsel, those files did not include all of the information possessed by the FBI and the U.S. Attorney's Office. Through his habeas counsel's investigation, Mr. Bower learned that

the FBI and the U.S. Attorney's Office had additional, exculpatory materials relating to the investigation of the October 8, 1983 murders that were never produced to trial counsel. The evidence that Mr. Bower developed showed that in the months following the murders, the FBI and the local authorities developed evidence that the murders had been related to gambling or narcotics—contrary to the theory presented at trial—and developed evidence that undermined claims made by the prosecutor relating to the ammunition used in the murders. This evidence was never provided to Mr. Bower's trial counsel, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

10. Despite the evidence of actual innocence and the *Brady* violation, the district court in the Eastern District of Texas denied Mr. Bower discovery to support his Federal Petition, and denied the petition. The Fifth Circuit affirmed the district court's decision to deny the Federal Petition, and the Supreme Court denied certiorari.

11. In the meantime, Mr. Bower served FOIA requests to obtain information that would further support his claim of innocence and *Brady* violation. The FBI and the EOUSA, however, have not complied with the required deadlines under FOIA. Now Texas has set a July 22, 2008 execution date for Mr. Bower, despite there never having been an opportunity for Mr. Bower to prove his innocence by taking discovery regarding the real murderers and without the opportunity to learn the details of the exculpatory evidence that has been withheld by the FBI and the United States Attorney's Office.

### FBI Files Relating to Jerry Buckner, Brett "Bear" Leckie, Chestley Galen Gordon, Lynn Langford, and Robert "Rocky" T. Ford

12. On January 3, 2008, Plaintiff requested by letter, on behalf of his client, Lester Leroy Bower, Jr., pursuant to 5 U.S.C. § 552(a)(3), disclosure of any and all records in the files of the

FBI, a component of Defendant United States Department of Justice, pertaining to Jerry Buckner ("Buckner"), Brett "Bear" Leckie ("Leckie"), Chestley Galen Gordon ("Gordon"), Lynn Langford ("Langford"), and Robert "Rocky" T. Ford ("Ford"). Mr. Buckner was trial counsel to Mr. Bower and Leckie, Gordon, Langford, and Ford are the four men who Witness No. 1 identified as the real killers.

13. On January 28, 2008, Plaintiff received a letter dated January 23, 2008 from David M. Hardy, Section Chief, Records Information and Dissemination Section of the Records Management Division denying disclosure of any information regarding Buckner, Leckie, Gordon, Langford, and Ford on the ground that without proof of death or a notarized authorization, disclosure of law enforcement records or information about another private citizen was exempted from disclosure pursuant to Exemptions (6) and (7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

14. On March 21, 2008, Plaintiff appealed from the FBI's refusal to determine whether it possessed any records pertaining to Buckner, Leckie, Gordon, Langford, or Ford.

15. On March 26, 2008, the United States Department of Justice, Office of Information and Privacy ("OIP"), received Plaintiff's letter of appeal, and sent Plaintiff a letter dated March 28, 2008, advising him that due to a backlog of pending appeals, there would be an unspecified period of "delay" before the OIP would reach a decision regarding Plaintiff's appeal.

16. By the terms of 5 U.S.C. § 552(a)(6)(A)(ii), the agency response to Plaintiff's March 21, 2008 appeal was due on April 23, 2008, 20 days from the receipt of the appeal. Plaintiff has not yet received a ruling on this appeal.

17. By the terms of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies by reason of Defendant's failure to meet the time limits set out in 5 U.S.C. § 552(a)(6)(A)(ii).

**FBI Files HQ 163-18573, DL 179B-97 and DL 62D-5174**

18. On January 3, 2008, Plaintiff requested by letter, on behalf of his client, Lester Leroy Bower, Jr., pursuant to 5 U.S.C. § 552(a)(3), disclosure of any and all records in the files of the FBI, a component of Defendant United States Department of Justice, pertaining to FBI File HQ 163-18573. This is a file relating specifically to the investigation of the October 8, 1983 murders.

19. On January 3, 2008, Plaintiff requested by letter, on behalf of his client, Lester Leroy Bower, Jr., pursuant to 5 U.S.C. § 552(a)(3), disclosure of any and all records in the files of the FBI, a component of Defendant United States Department of Justice, pertaining to FBI Files DL 179B-97 and DL 62D-5174. These too are files relating specifically to the investigation of the October 8, 1983 murders.

20. By letter date January 16, 2008, David M. Hardy, Section Chief, Records Information and Dissemination Section of the Records Management Division "acknowledge[d]" Plaintiff's January 3, 2008 request for FBI File HQ 163-18573 and indicated that "[w]e are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible."

21. By letters dated February 8, 2008, David M. Hardy, Section Chief, Records Information and Dissemination Section of the Records Management Division "acknowledge[d]" Plaintiff's January 3, 2008 request to the Dallas Field office for FBI File DL 179B-97 and FBI

File DL 62D-5174, and indicated that "[w]e are searching the indices to our central records system at the Dallas Field Office for the information you requested, and will inform you of the results as soon as possible."

22. Although Mr. Hardy's January 16, 2008 letter did not indicate when the FBI received Plaintiff's request for FBI File HQ 163-18573, the FBI had to have received the letter no later than January 16, 2008. Thus, by the terms of 5 U.S.C. § 552(a)(6)(A)(i), the FBI's determination whether to comply with this request was due at the absolute latest on February 14, 2008, 20 days from January 16, 2008. To date, Plaintiff has not received this determination.

23. Although Mr. Hardy's February 8, 2008 letters did not indicate when the FBI received Plaintiff's request for either FBI File DL 179B-97 or FBI File DL 62D-5174, the FBI had to receive these letters no later than February 8, 2008. Thus, by the terms of 5 U.S.C. § 552(a)(6)(A)(i), the FBI's determination whether to comply with this request was due at the absolute latest on March 10, 2008, 20 days from February 8, 2008. To date, Plaintiff has not received the determinations.

24. By the terms of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies by reason of Defendant's failure to meet the time limits set out in 5 U.S.C. § 552(a)(6)(A)(i).

## EOUSA Files

25. On January 3, 2008, Plaintiff requested by letter, on behalf of his client, Lester Leroy Bower, Jr., pursuant to 5 U.S.C. § 552(a)(3), disclosure of any and all records in the files of the EOUSA, a component of Defendant United States Department of Justice, pertaining to (a) *State v. Bower*, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984); (b) the

investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown; (c) FBI Field Office File DL 179B-97; FBI Headquarters File HQ 163-18573; FBI File DL 62D-5174; and FBI File 95-259626.

26. By letter dated February 5, 2008, Mr. William G. Stewart II, Acting Assistant Director, EOUSA, Freedom of Information/Privacy Act Staff, advised Plaintiff that Plaintiff's request for records pertaining to (a) *State v. Bower,* Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984) and (b) the investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown had been assigned Request No. 08-135 and, further, that "the request pertains to state or local matters . . . and, therefore, are outside the scope of the Act." Yet, the FBI and the Office of the U.S. Attorney were an integral part of the investigation of the October 8, 1983 murders and the prosecution of Mr. Bower.

27. By letter dated February 5, 2008, Mr. William G. Stewart II, Acting Assistant Director, EOUSA, Freedom of Information/Privacy Act Staff, advised that FBI Field Office File DL 179B-97; FBI Headquarters File HQ 163-18573; FBI File DL 62D-5174; and FBI File 95-259626 were assigned Request No. 08-137 and that these files were "not information maintained by the EOUSA or by the individual United States Attorney's Offices." Again, however, the FBI and the Office of the U.S. Attorney were an integral part of the investigation of the October 8, 1983 murders and the prosecution of Mr. Bower.

28. On March 21, 2008, Plaintiff appealed from the response of the EOUSA to Request Nos. 08-135 and 08-137.

29. On March 28, 2008, the OIP received Plaintiff's March 21, 2008 letter of appeal, and sent Plaintiff letters dated March 28, 2008, advising him that due to a backlog of pending appeals, there would be an unspecified period of "delay" before the OIP would reach a decision regarding Plaintiff's appeal.

30. By the terms of 5 U.S.C. § 552(a)(6)(A)(ii), the agency response to Plaintiff's appeal was due on April 23, 2008, 20 days from the receipt of the appeal. Plaintiff has not yet received a ruling on this appeal.

31. By the terms of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies by reason of Defendant's failure to meet the time limits set out in 5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT I

32. Plaintiff incorporates herein by this reference all of the allegations contained in paragraphs 1 through 31.

33. Defendant United States Department of Justice has wrongfully withheld the requested agency records pertaining to Buckner, Leckie, Gordon, Langford, and Ford by failing to comply with the statutory time limit for the processing of FOIA appeals.

34. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant United States Department of Justice's wrongful withholding of the requested records.

35. On information and belief, the requested agency records have been improperly withheld in that the FOIA requires their disclosure and they do not fall within any of FOIA's exemptions from required disclosure.

## COUNT II

36. Plaintiff incorporates herein by this reference all of the allegations contained in paragraphs 1 through 31.

37. Defendant United States Department of Justice has wrongfully withheld the requested agency records pertaining to FBI Files HQ 163-18573, DL 179B-97 and DL 62D-5174 by failing to comply with the statutory time limit for the processing of FOIA requests.

38. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant United States Department of Justice's wrongful withholding of the requested records.

39. On information and belief, the requested agency records have been improperly withheld in that the FOIA requires their disclosure and they do not fall within any of FOIA's exemptions from required disclosure.

## COUNT III

40. Plaintiff incorporates herein by this reference all of the allegations contained in paragraphs 1 through 31.

41. Defendant United States Department of Justice has wrongfully withheld the requested agency records pertaining to (a) *State v. Bower,* Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984); (b) the investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown; (c) FBI Field Office File DL 179B-97; FBI Headquarters File HQ 163-18573; FBI File DL 62D-5174; and FBI File 95-259626 by failing to comply with the statutory time limit for the processing of FOIA appeals.

42. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant United States Department of Justice's wrongful withholding of the requested records.

43. On information and belief, the requested agency records have been improperly withheld in that the FOIA requires their disclosure and they do not fall within any of FOIA's exemptions from required disclosure.

WHEREFORE, Plaintiff requests that this Court:

(1) Order Defendant United States Department of Justice to process immediately the requested records in their entirety;

(2) Order Defendant United States Department of Justice, upon completion of such processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

(3) Provide for expeditious proceedings in this action;

(4) Grant Plaintiff his costs and attorneys fees on this action; and

(5) Grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

*Corinne A. Niosi*
Corinne A. Niosi (#456123)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 739-5824

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Anthony C. Roth, on behalf of Lester L. Bower, Jr.
11001

## DEFENDANTS
United States Department of Justice

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~88888~~
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Corinne A. Niosi
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC

Case: 1:08-cv-00822
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/12/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ ~~3 Federal Question~~ (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

|  |  |  |  |
|---|---|---|---|
| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ⊙ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. sec. 552; Request to enjoin improper withholding of records under the Freedom of Information Act.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5/12/08   SIGNATURE OF ATTORNEY OF RECORD   *Connie A. Niosi*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.