UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY C. ROTH,<br>    on behalf of Lester L. Bower, Jr.,<br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br>        Defendant. | Civil Action No. 08-00822 (ESH) |

## MOTION FOR EXPEDITED SCHEDULE AND
## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff, Anthony C. Roth, on behalf of Lester L. Bower, respectfully requests that the Court establish an expedited schedule for this case. Mr. Bower is incarcerated on death row in Texas and faces an execution date of July 22, 2008. In the nearly quarter century since his arrest in January 1984, Mr. Bower has steadfastly maintained his innocence and worked to prove his innocence, including through FOIA requests in 1989, 1999, and 2008.

Months before Mr. Bower's execution date was set, Plaintiff, on behalf of Mr. Bower, served new FOIA requests on the FBI and the Executive Office of the United States Attorneys ("EOUSA") to obtain information that would further support Mr. Bower's claim of innocence and his claim of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Neither the FBI nor the EOUSA complied with the required deadlines under FOIA. Because of the impending July 22, 2008 execution date, it was necessary for Plaintiff to file a FOIA complaint and, now, this request for an expedited schedule. In the absence of an expedited schedule, there is an unacceptable risk that Mr. Bower could be executed without ever having had an opportunity to

know the full scope of the information contained in the government's files regarding the crime for which he was wrongly convicted, without ever having had an opportunity to prove his innocence by obtaining information from the government regarding the four men who a witness testified committed the murders for which Mr. Bower is scheduled to die, and without the opportunity to learn the details of the exculpatory evidence that he has proved the FBI and the United States Attorney's Office withheld in 1984 and continue to withhold today. Under these circumstances, Mr. Bower is faced with an exceptional and urgent need to obtain access to the requested records on an expedited basis.

## STATEMENT OF POINTS AND AUTHORITIES

### I.   Background

Mr. Bower was convicted in April 1984 in *State v. Bower,* Nos. 33426 - 33429, 15th Judicial District Court, Grayson County, Texas, for four murders committed on October 8, 1983. The investigation that culminated in Mr. Bower's arrest for these October 8, 1983 murders was conducted by the local authorities and the FBI. The federal government teamed with local authorities to investigate the murders because they originally believed that the murders were gang and drug-related. Apparently as a part of a coordinated program of prosecution between the state and federal authorities, a prosecutor from the U.S. Attorney's Office was on the trial team that prosecuted the case against Mr. Bower, examining witnesses and making arguments to the jury.

In 1989, a witness contacted Mr. Bower's counsel and identified four men, none of them having any connection to Mr. Bower, as the real perpetrators of the murders for which Mr. Bower was convicted. (Although the identity of the witness was provided to the State and to the state and federal habeas courts, the courts permitted this witness to be referred to publicly as

"Witness No. 1," due to concerns for the witness's safety.) Witness No. 1 provided an affidavit about these four men and stated that—contrary to the prosecution's theory at trial that the murders were committed in order to steal an ultralight aircraft—the murders were drug-related, just as the government had suspected from the start. Bower's habeas counsel investigated Witness No. 1's statements. They arranged for an investigator to interview the four men identified as the real perpetrators, and provided the state courts with the investigator's affidavits, which corroborated Witness No. 1's sworn statements. In the state habeas proceedings, the courts refused to consider the evidence of actual innocence, claiming that they were precluded from doing so because more than 10 days had passed since Mr. Bower's conviction. The courts also refused to provide Mr. Bower any discovery, refused to hold an evidentiary hearing, and denied the petition on what therefore amounted to an incomplete record. The State, despite having access to the identity of the four men, never investigated the information beyond confirming the four men were real people who were dangerous and should not be approached "without guns and badges."

     In his federal habeas proceedings, Mr. Bower additionally supported his claims with the sworn statement of a close friend of one of the murder victims. (The federal habeas court permitted this witness to be referred to as "Witness No. 4" due to concerns for his safety.) In his affidavit, Witness No. 4 stated that he had met Witness No. 1 in 1984 in a recovery meeting of Narcotics Anonymous, and that at one of these meetings in 1984, Witness No. 1 had told him that her boyfriend was responsible for the four 1983 Grayson County murders and that the murders had been drug-related. Both Witness No. 1 and Witness No. 4 testified at an evidentiary hearing in 2000 before the federal habeas court in the Eastern District of Texas. Other witnesses who testified at the evidentiary hearing provided additional support that the murders were drug-

related and had nothing to do with Mr. Bower.

During his federal habeas proceedings, Mr. Bower learned that although the state prosecutor claimed to have turned over his entire investigative file to Mr. Bower's trial counsel, those files included almost none of the information possessed by the FBI and the U.S. Attorney's Office. Mr. Bower's counsel served a FOIA request on the FBI in 1999. In 2001, *after* the hearing regarding Mr. Bower's claims,[1] the FBI released some portions of its file about the investigation of the 1983 murders. The FBI redacted some responsive information and withheld in their entirety many pages of responsive information. Through these redactions and withholdings, the FBI has necessarily withheld from Mr. Bower information relevant to the investigation leading to Mr. Bower's arrest and conviction. Moreover, Plaintiff has reason to believe that the redacted and/or withheld information is exculpatory in light of the fact that the portions of the records that were released, in Plaintiff's view, were also exculpatory. In particular, the records showed that the FBI and the local authorities initially developed evidence that the murders had been related to gambling or narcotics—contrary to the theory presented at trial—and developed evidence that undermined claims made by the prosecutor relating to the ammunition used in the murders.[2] This evidence was never provided to Mr. Bower's trial counsel, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

---

[1] Mr. Bower requested an expedited response from the FBI when the evidentiary hearing was set in 2000, but the FBI refused Mr. Bower's request.

[2] In January 1984, the FBI abruptly ordered all investigations to stop unless they related to Mr. Bower. Because of this order, the authorities' investigations into alternative theories for the murders were never completed. At the same time, Mr. Bower's trial counsel relied solely on the authorities' investigations of the murders and undertook no investigation of his own. Accordingly, there are avenues of investigation that have not been completed, and Mr. Bower is entitled to learn what those lines of investigation were and to investigate those issues himself.

**II.    Argument**

The Court should order expedited handling of this FOIA complaint because Mr. Bower is facing the gravest punishment of all—execution—and the requested records are critical to his attempts to exonerate himself through further habeas proceedings and clemency proceedings.

In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615-16 (D.C. Cir. 1976), the D.C. Circuit recognized that if a FOIA plaintiff shows a "genuine need and reason for urgency in gaining access to" agency records, then it may be appropriate to expedite the agency's actions in response to the FOIA complaint. Following this principle in *Open America*, a number of courts in this district have found criminal defendants to have met this showing. In *Cleaver v. Kelley*, 427 F. Supp. 80, 81 (D.D.C. 1976), the plaintiff was "fac[ing] criminal prosecution, which in the end could mean his loss of freedom or life" and therefore the plaintiff was "confronted with an exceptional and urgent need to obtain any and all information that could prove exculpatory." The court in *Cleaver* concluded that "[t]he public interest lies in assuring a complete and thorough adjudication of criminal matters. Such an interest outweighs that of those seeking material in pursuit of less fundamental rights." *Id.*

Where criminal proceedings are involved and the subject of those proceedings faces substantial penalties, "a due process right in expeditious processing of a FOIA request exists." *Freeman v. United States Dep't of Justice*, No. 92-0557, 1992 U.S. Dist. Lexis 22836, at *4-5 (D.D.C. October 2, 1992). Thus, when the FOIA requester shows that he or she faces grave punishment and there is a reason to believe the FOIA records would aid the requester's defense, the request for expedited treatment is "granted regularly." *Id.* at * 5. For example, in *Freeman*, the court ordered the FBI to expedite processing of the plaintiff's FOIA request and filing of a *Vaughn* index because the requester was facing criminal prosecution in Virginia state court with

a potential maximum sentence of 30 years and the requested records also contained information "clearly relevant to plaintiff's defense" even if not necessarily exculpatory. *Id.* Similarly, in *Aguilera v. Federal Bureau of Investigation*, 941 F. Supp. 144, 150-51 (D.D.C. 1996), the defendant-requestor faced a sentence of twenty-five years to life and the FBI admitted that it had files about the requester's role as an FBI informant. The court concluded that the records therefore could assist the requester in his defense against criminal charges. *Id.*

Here, Mr. Bower faces not merely imprisonment, as in *Freeman* and *Aguilera* but a death sentence. Moreover, his execution is imminent. Furthermore, the records he seeks are undeniably relevant to his ongoing efforts to establish his innocence and the violation of his constitutional rights because they relate directly to the murders for which he was convicted and contain evidence at odds with the State's theory that Mr. Bower committed the murders. He thus has a due process right to expedited processing of his FOIA request and this Complaint.

Accordingly, Plaintiff, on Mr. Bower's behalf, requests that the Court order the Department of Justice to (a) process his FOIA requests on an expedited basis, (b) release the requested records by June 13, 2008, and (c) identify, in a *Vaughn*[3] index, by June 13, 2008, any documents that it is not going to release. Furthermore, Plaintiff requests that the Court set a briefing schedule for the resolution of any exemptions claimed by the Department of Justice on June 13, 2008, to justify the withholding of records, as follows: (a) no later than June 18, 2008, Plaintiff will file a brief stating any reasons why those records should not be withheld, and (b) by June 25, 2008, the Department of Justice will submit a reply brief regarding the claimed exemptions.

---

[3] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### III. Conclusion

Mr. Bower is scheduled for execution on July 22, 2008. In the absence of an expedited schedule to address his FOIA requests, his execution could proceed even though he was denied access to records that might support his claim of actual innocence and/or establish a constitutional violation in his trial. Accordingly, Mr. Bower requests an expedited schedule for resolving the FOIA complaint brought on his behalf by Plaintiff.

                        Respectfully submitted,

Dated: May 30, 2008                      /s/ Corinne A. Niosi

Corinne A. Niosi (#456123)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Ph. (202) 739-5824
Fax (202) 739-3001
cniosi@morganlewis.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2008, I caused the foregoing Motion For Expedited Schedule And Statement Of Points And Authorities In Support Thereof and Proposed Order to be served by hand on the following person:

> The United States Attorney for the District of Columbia
> 301 D Street, NW
> Washington, DC 20530

                                              /s/ Corinne A. Niosi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY C.ROTH,<br>    on behalf of Lester L. Bower, Jr.,<br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br>        Defendant. | Civil Action No. 08-00822 (ESH) |

**[PROPOSED] ORDER ON MOTION FOR EXPEDITED SCHEDULE**

Upon consideration of Plaintiff's Motion for Expedited Schedule, memorandum in support, and any opposition thereto, it is hereby

**ORDERED** that Plaintiff's Motion for Expedited Schedule is **GRANTED**; it is

**FURTHER ORDERED** that the Department of Justice shall process the Plaintiff's FOIA requests on an expedited basis, release the requested records by June 13, 2008, and identify, in a *Vaughn* index, by June 13, 2008, any documents that it is not going to release; it is

**FURTHER ORDERED** that no later than June 18, 2008, Plaintiff shall file a brief stating any reasons why any withholding is not proper; and it is

**FURTHER ORDERED** that by June 25, 2008, the Department of Justice will submit a reply brief regarding the claimed exemptions.

_____
United States District Judge

1-WA/2980513.1