**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANTHONY C. ROTH,
     on behalf of Lester L. Bower, Jr.,

                                         :

     Plaintiff,                        :

                                            CA No. 08-822 (ESH)

     v.                             :

UNITED STATES DEPARTMENT     :
OF JUSTICE,                       :
     Defendant.                   :

**OPPOSITION TO MOTION FOR EXPEDITED SCHEDULE**

Defendants respectfully submit this opposition to plaintiff's motion for an expedited

schedule and for expedited processing of plaintiff's FOIA requests.

**BACKGROUND**

The FBI's review of prior requests by counsel of record in this matter, Mr. Roth and Ms.

Speights, revealed a history involving this matter, including the following:

By letter dated August 29, 1989, Grace E. Speights, Esq., of the law office of Morgan,

Lewis & Bockius, submitted a FOIA request to the Dallas Field Office for information on the

following individuals and/or entities:

     1.      Lester Leroy Bower, Jr.;

     2.      Bob Tate (Bobby Glen Tate);

     3.      Phillip Boyce Good;

     4.      Ronald Howard Mayes;

     5.      Jerry Mac Brown;

      6.      Grayson County Sheriff's Department and anyone associated with it; and

      7.      Jerry Buckner.

Ex 101.  By letter dated September 25, 1989, the FBI advised Ms. Speights that she needed to submit notarized authorizations from the named individuals before the FBI would commence processing any documents.  Ex 102.  The FBI also informed Ms. Speights that her request for information about the "Grayson County Sheriff's Department and anyone associated with it" was too vague to be searched.  *Id.*

By letter dated November 7, 1989, Ms. Speights's legal assistant (Nancy Griffiths) submitted a signed, notarized release by Mr. Lester Leroy Bower.  In this letter, reference was made to the fact that Bobby Glen Tate, Phillip Boyce Good, Ronald Howard Mayes, and Jerry Mack Brown were deceased.  Therefore, a release was not needed to obtain the information on these individuals.  Ex.  103.

By letter dated December 11, 1989, the FBI advised Ms. Speights that a search of the central records system located one investigative file responsive to her request.  Ex.  104.  Since this investigation was reported to FBIHQ, her request was referred to FBIHQ for processing.  Ms. Speights was advised by the December 11th letter that because the FBI did not receive a notarized authorization from Mr. Jerry Buckner, any information regarding him would be protected from disclosure by the Privacy Act.  *Id.*

By letter dated October 25, 1990, the FBI released to Ms. Speights  564 pages of responsive information out of 1,583 pages reviewed.  Ex.  105.

By letter dated  November 12, 1999, Anthony C. Roth, also of Morgan, Lewis & Bockius, submitted a FOIA request for information on the following individuals and/or entities:

1.      Lester Leroy Bower, Jr.;

2.      Bob Tate (Bobby Glen Tate);

3.      Phillip Boyce Good;

4.      Ronald Howard Mayes;

5.      Jerry Mac Brown;

6.      Grayson County Sheriff's Department and anyone associated with it;

7.      Jerry Buckner;

8.      The investigation of the October 8, 1983 murders of Bobby (Bob) Tate, Phillip Boyce Good, Ronald Howard Mayes, and Jerry Mac Brown in Sherman, Texas;

9.      Brett ("Bear") Leckie;

10.     Chestley ("Ches") Galen Gordon;

11.     Lynn Langford; and

12.     Robert ("Rocky") T. Ford.

Ex 106.

By letter dated November 18, 1999, the FBI advised Mr. Roth that he needed to submit proof of death or privacy waivers from the named individuals before the FBI would commence processing any documents.  Ex.  107.  This part of the request was closed for failure to include waivers. The remaining parts of the request were given individual FOIPA numbers and processed as described below.

By letter dated  December 1, 1999, the FBI advised Mr. Roth that following a search of the central records system at the Dallas Division, the FBI had located responsive information about the Grayson County Sheriff's Department, Bobby Tate, Phillip Boyce Good, Ronald

Howard Mayes, and Jerry Mac Brown; because the material was too voluminous to be processed

in Dallas, the files were sent to FBIHQ for processing.  Ex 108.

On or about  December 1, 1999, Mr. Roth requested that the FBI re-process the

information previously reviewed for Ms. Speights to include any new material added since 1990.

Ex 109.

By letter dated January 18, 2000, Mr. Roth advised the FBI that he wished to modify his

request concerning the Grayson County Sheriff's Department to request  the following

information:

> 1.      Any and all records pertaining to any and all reports or FBI investigation of
> corrupt practices of or the sale of illegal drug substances by persons employed by or
> working for the Grayson County (TX) Sheriff's Department during the time period of
> 1980 to 1990; and
>
> 2.      Any and all records pertaining to any FBI inquiry about the Grayson County (TX)
> Sheriff's Department's investigation of the October 8, 1983 murders of Bobby Glen Tate,
> Philip Boyce Good, Ronnie Mayes, and Jerry Mac Brown, in Sherman, Texas.

Ex 110.

By letter dated  January 27, 2000, Mr. Roth provided to the Dallas Field Office a privacy

waiver signed by Lester Leroy Bower, Jr. Ex 111.

 By letter dated  January 31, 2001, a release was made to Mr. Roth consisting of 1,530

pages out of 1,908 pages reviewed.  This release included the re-processed 584 pages previously

released to Ms. Speights.  Ex.  112.  The release notes that "all five sections of file # 179-DL-97 ,

including the . . .bulky enclosures; and file number 63-18573 were all re-processed for this

request, regarding the following: Lester Leroy Bower, Jr. . . .Bobby Glen Tate, . . . Phillip Boyce

Good, . . . Ronald Howard Mayes, . . . and Jerry Mac Brown . . . .*Id.* at p. 2.

4

There is no indication that Mr. Roth objected to the FBI's January 2001 response by filing any complaint in federal court. Ex. 113, party index query (Pacer Query of the U.S. Party/Case index using "Anthony Roth" and NOS "845" for FOIA cases shows the instant matter to be the only FOIA case filed by Mr. Roth as the plaintiff).

Approximately seven (7) years later, Mr. Roth made the FOIA requests at issue in this case.

## CURRENT COMPLAINT

On May 12, 2008, attorney Anthony Roth filed the instant complaint "on behalf of Lester L. Bower, Jr." The complaint alleges violations of the Freedom of Information Act by the Federal Bureau of Investigation (FBI) and the Executive Office for United States Attorneys (EOUSA).

At issue are three requests, all dated January 3, 2008.

**1. Request to FBI concerning five individuals**

Mr. Anthony Roth made a request to the FBI for records pertaining to five individuals, Jerry Buckner, Brett Leckie, Chestley Gordon, Lynn Langford, Robert T. Ford.[1] Attachment 1 at p. 1-2. The request did not enclose privacy act waivers or proof of death for the individuals. *Id*. The request did not reflect that it was being made in a representational capacity, did not mention Lester L. Bower, Jr. and did not request expedited processing. *Id.*

By letter dated January 23, 2008, and received by plaintiff's office on January 28, 2008, the FBI responded that the request could not be processed without either proof of death or a

---

[1] On November 12, 1999, Mr. Roth made a FOIA request to the FBI for records pertaining to the same five individuals. Ex 106.

privacy waiver. *Id* at p. 3.[2]

Therefore, there are no records subject to processing concerning this request.

**2.  Request for FBI Files DL 179B-97, HQ 163-18573,  DL 62D-5174, and  95-259626**

Mr. Anthony Roth made a request to the FBI for all records pertaining to the above

described FBI file numbers.  Attachment 2 at p. 1-2.  The request did not reflect that it was being

made in a representational capacity, did not mention Lester L. Bower, Jr. and did not request

expedited processing.  *Id.*

By letter dated January 16, 2008, the FBI acknowledged receipt of the request for HQ

163-18573 and advised that a search of the indices to the central records system was being made.

*Id.* at p.  3.

These are the only records which remain to be processed.

**3.  Request to EOUSA**

Mr. Anthony Roth made a request to the EOUSA for the following records

1.    State v. Bower, Nos. 33426-29, 15th Judicial District, Grayson County, Texas (1984);

2.     The investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown;

3.    Any task performed by Ronald J. Seivert, AUSA, Tyler Texas, in connection with the investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayers, or Jerry Mac Brown;

---

[2]    By letter May 28, 2008, Mr. Roth made an additional request which is not the subject of the instant complaint.  That request asked for records pertaining to one individual, attached a proof of death and asked for an expedited response due to Mr. Bower's scheduled execution.   As was indicated in the parties' previous telephone conference with the Court, the FBI is giving that request expedited processing.

4.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas in connection with post-trial legal proceedings related to State v. Bower, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

5.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler Texas in connection with post-trial legal proceedings related to State v. Bower, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

6 -12    FBI Field Office File DL 179B-97,

13.    FBI Headquarters File HQ 163-18573,

14.    FBI File DL 62D-5174; and

15.    FBI File 95-259626.

Attachment 3.    The request did not reflect that it was being made in a representational capacity, did not mention Lester L. Bower, Jr. as a requester, and did not request expedited processing. *Id.*

EOUSA responded that items 1 and 2 pertained to records maintained by the State, and suggested that the pertinent state or local agency be contacted. Attachment 3 at p. 3. Concerning items 6-15, EOUSA advised that it does not maintain FBI files, and suggested that requester contact the FBI. *Id.* at p. 4.

Concerning items 3-5, by letter dated April 29, 2008, EOUSA informed the plaintiff that 5 pages were being released in full and 2 pages were being released in part because portions of those pages do not pertain to Plaintiff's request.    EOUSA subsequently determined that one of the pages that had been withheld in part could be released in full. EOUSA released that document by letter dated June 6, 2008. DOJ Dec. at¶ 7.    A search also was conducted in LIONS, the data base used by EOUSA and the United States Attorney's Office, using the name Lester Leroy Bower, Jr. DOJ Dec at ¶ 11. This search revealed that all other responsive records

pertaining to Mr. Bower were destroyed in July 1999 pursuant to the Departmental records retention schedule. *Id.*

Therefore, there are no records subject to further processing concerning this request.

**Neither Lester L. Bower Nor a Representative On His Behalf Have Standing in a FOIA Claim Concerning the Requests at Issue.**

The FOIA requests made by Mr. Roth do not state that the requests were being made in a representational capacity on behalf of Lester L. Bower. Therefore neither Mr. Bower, nor a "representative for Mr. Bower," have standing to challenge the actions of the agencies in this FOIA matter. *See Three Forks Ranch Corp. v. Bureau of Land Management, Little Snake Field Office*, 358 F.Supp.2d 1, 3 (D.D.C. 2005)(an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action); *Brown v. U.S. E.P.A.*, 384 F.Supp.2d 271, 275 -276 (D.D.C. 2005); *Hall v. C.I.A.*, 2005 WL 850379, 4 (D.D.C.2005). The only FOIA requester was Mr. Roth in his individual capacity. An undisclosed relationship with Mr. Bower is insufficient to give Mr. Bower standing in this matter. *See Three Forks Ranch Corp*, 358 F.Supp.2d at 3 (" in this Circuit, "[a]ny arrangements [plaintiff's attorney has] with a third party are legally irrelevant for purposes of [a] FOIA request." *Burka v. U.S. Dep't of Health & Human Servs*., 142 F.3d 1286, 1291 (D.C.Cir.1998)). Therefore, the plaintiff as described in the complaint has no standing to bring the FOIA complaint as filed in this court or to seek expedited processing of the FOIA requests made in January 2008.

**Plaintiff Has Failed to Exhaust Administrative Remedies Concerning Expedition of Processing of FOIA Requests**

The Court should deny plaintiff's request for expedited processing because the FOIA requests at issue failed to ask in any manner that the agency expedite processing and failed to submit to the agency any basis for expediting processing of a request. Exhaustion of administrative remedies is required under the FOIA statutory scheme. *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-1259(D.C.Cir. 2003). FOIA specifically requires an administrative determination concerning requests for expedited processing, and allows judicial review of an agency's denial of a request or failure to respond to a request in a timely manner. *See* 5 U.S.C.A. § 552:

> Each agency shall promulgate regulations, pursuant to notice and receipt of public comment, providing for expedited processing of requests for records--

(I) in cases in which the person requesting the records demonstrates a compelling need; and

> (II) in other cases determined by the agency.

> (ii) Notwithstanding clause (i), regulations under this subparagraph must ensure--

> (I) that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request; and

> (II) expeditious consideration of administrative appeals of such determinations of whether to provide expedited processing.

> (iii) An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing under this subparagraph. **Agency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review under paragraph (4)**, except that the judicial review shall be based on the record before the agency at the time of the determination.

5 U.S.C.A. § 552(a)(6)(E) (emphasis added).  Department of Justice regulations provide in

pertinent part

(d) Expedited processing.

(1) Requests and appeals will be taken out of order and given expedited treatment whenever it is determined that they involve:

(i) Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;

(ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information;

(iii) The loss of substantial due process rights; or

(iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

(2) A request for expedited processing may be made at the time of the initial request for records or at any later time. For a prompt determination, **a request for expedited processing must be received by the proper component. Requests based on the categories in paragraphs (d)(1)(i), (ii), and (iii) of this section must be submitted to the component that maintains the records requested**. Requests based on the category in paragraph (d)(1)(iv) of this section must be submitted to the Director of Public Affairs, whose address is: Office of Public Affairs, U.S. Department of Justice, Room 1128, 950 Pennsylvania Avenue, NW., Washington DC 20530-0001. A component that receives a request that must be handled by the Office of Public Affairs shall forward it immediately to that office by hand-delivery or fax.

(3) **A requester who seeks expedited processing must submit a statement, certified to be true and correct to the best of that person's knowledge and belief, explaining in detail the basis for requesting expedited processing.** . . . .

(4) **Within ten calendar days of its receipt of a request for expedited processing, the proper component shall decide whether to grant it and shall notify the requester of the decision**. If a request for expedited treatment is granted, the request shall be given priority and shall be processed as soon as practicable. If a request for expedited processing is denied, any appeal of that

decision shall be acted on expeditiously.

28 C.F.R. § 16.5.  *See also Judicial Watch, Inc. v. U.S. Naval Observatory* , 160 F.Supp.2d 111,

113 (D.D.C.2001);  *Al-Fayed v. C.I.A.*,  254 F.3d 300, 311 fn. 11 (D.C. Cir. 2001)(5 U.S.C. §

552(a)(6)(E)(iii) requires that "[J]udicial review shall be based on the record before the agency at

the time of the determination.")   Therefore, to the extent plaintiff asks this Court to direct the

defendant to expedite the FOIA request made on January 3, 2008, the motion should be denied

for failure to exhaust administrative remedies, because plaintiff never made an expedition request

to the agency prior to filing his complaint and motion.

   To the extent plaintiff's motion for expedited processing, filed on May 30, 2008,  may be

deemed to be an attempt to make a request to the agency, the matter is moot.  The FBI has made

a discretionary decision to expedite the request concerning FBI files and so advised plaintiff

within ten days of the request, i.e. during the telephone conference   with the Court concerning

the matter last Wednesday, June 4, 2008.  The FBI  has moved the request to the top of the queue

for processing even though plaintiff  has neither submitted the request to the appropriate agency

component nor  submitted a certified statement justifying the request for expedited processing, as

is required in the C.F.R.[3]   Therefore, since the FBI has notified plaintiff within 10 days that it

will expedite, and has already moved the matter to the top of the queue, the matter is moot.

---

   [3]  If the January 2008  FOIA request had been made properly identifying the requester as
an  attorney requesting on behalf of Mr. Bower, a death row inmate under the circumstances set
forth, the matter would automatically have been given expedited processing pursuant to FBI
policy, and Mr.  Bower might well have had the documents by now.  Therefore, in order to avoid
unnecessarily penalizing Mr. Bower for his counsel's maladroit handling of this matter,  the FBI
has exercised its discretion to expedite this matter.  By doing so it does not waive any defenses to
the complaint filed in this matter.

**A Compelling Need for Expedited Processing of Mr. Roth's Request Has Not Been Demonstrated**

There is no evidence that the appropriate party to a FOIA complaint in this matter – Mr. Roth in his individual capacity – has any compelling need for the documents in question.

Additionally, the motion for expedited processing states that in 2001 the FBI released to Mr. Roth redacted portions of the FBI file concerning the investigation of the 1983 murder underlying Mr. Bower's conviction. Motion at p. 4. It alleges that the redactions withheld exculpatory information which allegedly show a *Brady* violation. But, judicial review of the redactions was not sought, nor was an additional FOIA request made until some seven years later. Mr. Roth has not submitted any reason to believe that the redactions made in 2001, which he failed to judicially challenge, would not be equally applicable today, nor has he identified exactly what relief he would now seek which he could not have sought within the last seven years. Indeed, he has not explained how the alleged information specifically would aid Mr. Bower nor, if he truly believed it would aid Mr. Bower, why he allowed the matter to languish for seven years. For example, due to the lapse of 7 years, it does not appear that Mr. Roth could meet the requirement of due diligence under 28 U.S.C. § 2244 to bring a habeas action. Thus, there has been no showing of exceptional need or urgency on Mr. Roth's part justifying expedition of processing. *See Edmond v. U.S. Atty.*, 959 F.Supp. 1, 3 (D.D.C.1997).

CONCLUSION

For the forgoing reasons, plaintiff's request for expedited processing and for an expedited schedule should be denied.

Respectfully submitted,

_____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/ Rudolph Contreras_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/ Rhonda C. Fields_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

.

# MORGAN, LEWIS & BOCKIUS

PHILADELPHIA
LOS ANGELES
MIAMI
HARRISBURG

COUNSELORS AT LAW
1800 M STREET, N. W.
WASHINGTON, D. C. 20036
TELEPHONE:(202)467-7000
CABLE ADDRESS: MORLEBOCK
TELEX:89-627
TELEFAX:(202)467-7176

WASHINGTON
NEW YORK
SAN DIEGO
LONDON

GRACE E. SPEIGHTS
DIAL DIRECT (202) 467-7180

August 29, 1989

Federal Bureau of Investigtion
Freedom of Information Officer
1801 N. Lamar
Suite 300
Dallas, TX  75202

ATTN:    Udo Specht

Dear Sir or Madam:

Pursuant the Freedom of Information Act, 5 U.S.C: § 552,
I hereby request any and all records in your files pertaining
to the following individuals or entities:

1.  Lester Leroy Bower, Jr.;

2.  Bob Tate or Bobby Glen Tate;

3.  Phillip Boyce Good;

4.  Ronald Howard Mayes;

5.  Jerry Mac Brown;

6.  Grayson County Sheriff's Department and
    anyone associated with it; and

7.  Jerry Buckner.

If for any reason you determine that some portions of
the requested information are exempt from disclosure under the
FOIA, please delete such allegedly exempt material, inform me
of the basis of the claims of exemption, and furnish copies
of those portions of the document that are not exempt.  My
consent to such deletion at this time is designed to
facilitate your prompt response and in no way waives my right
to appeal any determination you may make considering the



EXHIBIT
101

MORGAN, LEWIS & BOCKIUS

Freedom of Information Officer                          Page 2
August 29, 1989

applicability of any FOIA exemptions to the requested
documents and information.

    I request that you provide me with exact copies or a
complete and accurate account of the information requested.
I agree to pay reasonable search and reproduction costs.

    If you have any questions about this request or require
further information, please contact me at 467-7189.


                              Sincerely,

                              Grace E. Speights

                              Grace E. Speights



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1801 N. Lamar, Suite 300
Dallas, Tx. 75202

September 25, 1989

Ms. Grace E. Speights
Counselor at Law
Morgan, Lewis & Bockius
1800 M Street, N. W.
Washington, D. C. 20036

Dear Ms. Speights:

Reference is made to your Freedom of Information – Privacy Acts (FOIPA) request concerning Lester Leroy Bower, Jr., et al, dated August 29, 1989, and Special Agent Specht's telephone call to you on September 14, 1989.

Please be advised that before we can commence processing for release any documents which may pertain to Mr. Bower and other individuals listed in your letter, it will be necessary for these individuals to have their Authorization For Release Of Information (enclosed) notarized. This procedure is designed to insure that information concerning an individual is released only to that person or his authorized representative. Upon receipt of these notarized authorizations, we will search our indices to the central records system and advise you of the results.

Your request concerning any and all records in our files pertaining to the Grayson County Sheriff's Department and anyone associated with it is too vague to be searched through the central records system as maintained in the Dallas Division.

If you have any additional questions concerning the request, please do not hesitate to contact Special Agent Udo H. Specht, telephone 214/720-2200.

Very truly yours,

Bobby R. Gillham
Special Agent in Charge

1 - Addressee
2 - Bureau (FOIPA Section)
1 - Dallas (190-DL-53840)
UHS/pkc
(3)

Serialize _____
Index _____
File _____
Search _____

Specht
190-DL-

**EXHIBIT**

_102_

# MORGAN, LEWIS & BOCKIUS

PHILADELPHIA
LOS ANGELES
MIAMI
HARRISBURG

COUNSELORS AT LAW
1800 M STREET, N. W.
WASHINGTON, D. C. 20036
TELEPHONE:(202)467-7000
CABLE ADDRESS: MORLEBOCK
TELEX:89-627
TELEFAX:(202)467-7176

WASHINGTON
NEW YORK
SAN DIEGO
LONDON

November 7, 1989

Mr. Bobby R. Gillham
Federal Bureau of Investigation
1801 N. Lamar
Suite 300
Dallas, Texas  75202

Dear Mr. Gillham:

This is in response to your letter of September 25, 1989 to Grace E. Speights regarding a Freedom of Information - Privacy Acts request concerning Lester Leroy Bower, Jr., et al.

Enclosed please find an authorization for release of records signed by Lester L. Bower and notarized.

Four of the other individuals about whom information is requested are deceased. These persons are Bobby Glen Tate, Jerry Mack Brown, Philip Boyce Good and Ronald Howard Mayes. We have been advised by the F.B.I. office in Washington, D.C. that authorization is not needed for obtaining information about deceased persons.

We would appreciate your providing us with the requested information as soon as possible.

Sincerely,

Nancy Griffiths
Legal Assistant

NG/ljr

190-DL-53840-4

**EXHIBIT**

103

STATE OF TEXAS    )
                    ) ss:
COUNTY OF GRAYSON   )

## AUTHORIZATION FOR RELEASE OF RECORDS

I, LESTER LEROY BOWER, hereby authorize release for inspection and photocopying any and all records, including those normally considered privileged and confidential, including, but not limited to, medical records, psychiatric or psychological evaluations and records, social service agency records, school records, juvenile court records or any records incidental thereto, military records, any testing reports or medical evaluations and reports, and any records whatsoever to the following persons or to their designated agent or agents:

Peter Buscemi, Attorney
Grace E. Speights, Attorney
Anthony C. Roth, Attorney
Melinda Reid Hatton, Attorney
Nancy Griffiths, Legal Assistant
Morgan, Lewis & Bockius
1800 M Street, N.W.
Washington, D.C. 20036
(202) 467-7000

Robert McGlasson, Attorney
Jeff Pokorak, Attorney
Texas Resource Center
511 W. Seventh Street
Austin, Texas 78701
(512) 320-8300

_Lester Leroy Bower_
LESTER LEROY BOWER

Sworn to and subscribed before me this _20_ day of _October_, 1989.

_Karen A. Bruning_
NOTARY PUBLIC
My Commission Expires:



**U.S. Department of Justice**

**Federal Bureau of Investigation**

In Reply, Please Refer to
File No.

1801 North Lamar, Suite 300
Dallas, Texas 75202
December 11, 1989

Ms. Grace E. Speights
Counselor at Law
Morgan, Lewis & Bockius
1800 M Street, N. W.
Washington, D. C. 20036

Dear Ms. Speights:

Reference is made to your Freedom of Information Act
(FOIA) request concerning Lester Leroy Bower, Jr., Bob Tate,
Phillip Boyce Good, Ronald Howard Mayes, Jerry Mac Brown, and
Jerry Buckner dated August 29, 1989, which was received by our
office on September 5, 1989, and your subsequent letter dated
November 7, 1989, received by our office on November 10, 1989.

A search of our indices to the central records system
as maintained by the Dallas Office located one investigative file
responsive to your request. This investigation was reported to
FBI Headquarters (FBIHQ) in Washington, D. C.

To insure all records at FBIHQ and Dallas, relative to
this investigation are processed, your request is being referred
to FBIHQ for appropriate handling. FBIHQ will determine whether
or not a fee will be incurred in the processing of your request.
Once a fee determination has been made, you will be advised of
the approximate number of pages involved, both at FBIHQ and in
this office. You also will be given an estimate of costs of
duplication, if any. At that time, you will have the opportunity
to narrow the scope of your request to reduce or eliminate the
duplication cost.

Since our office did not receive a notarized
authorization from Mr. Jerry Buckner, all information regarding
him will be protected according to the provisions of the Privacy
Act (5 U.S.C. #552a) and the Freedom of Information Act (FOIA) (5
U.S.C. #552). The Privacy Act prohibits disclosure

1 - Addressee
1 - Bureau (FOIPA Section)
1 - Dallas (190-DL-53840)
PKC/pkc
(3)



Serialize _____
Index _____
File _____
Search _____

Specht

**EXHIBIT**
104

190-DL-53840-5

of such records in the absence of a written authorization of the
other individual(s) which we require to be notarized and the
original furnished to us.

      Your patience and cooperation will be appreciated.

          Very truly yours,


          Bobby R. Gillham
          Special Agent in Charge

**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C.  20535    OCT 25 1990

Grace E. Speights, Esq.
Morgan, Lewis & Bockius
1800 M Street, Northwest
Washington, D. C.  20036

Subject of Request:  Lester L. Bower, et al.

FOIPA No.  319,490  /190-65578
Et Al.

Dear Ms. Speights:

Enclosed are copies of documents from FBI records. Excisions have been made to protect information exempt from disclosure pursuant to Title 5, United States Code, Section 552 and/or Section 552a. In addition, where excisions were made, the appropriate exempting subsections have been cited opposite the deletions. Where pages have been withheld in their entirety, a deleted page information sheet has been substituted showing the reasons or basis for the deletion. The subsections cited for withholding information from the enclosed documents are marked below:

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☒ (b)(2) | ☐ (b)(7)(B) | ☒ (j)(2) |
| ☒ (b)(3) Rule 6(e) | ☒ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☒ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☒ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☒ (b)(6) | ☐ (b)(9) | ☐ (k)(6) |
| ☒ (b)(6) |  | ☐ (k)(7) |

(See Form 4-694a, enclosed, for an explanation of these exemptions.)

Pursuant to your request, ____1583____ page(s) were reviewed and ____564____ page(s) are being released.

During the review of material pertinent to the subject of your request, documents were located which

☒ originated with another Government agency(ies).
These documents were referred to that agency(ies) for review and direct response to you.

☒ contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

190-DL-53840-9

① SAC, Dallas (Attn:  FOIPA/MDE)              See SAC Note Page

OCT 29 1990

FBI-DALLAS

**EXHIBIT**
105

FBI/DOJ

[X] If you desire, you may appeal any denials contained herein.  Appeals should be directed in writing to the Assistant Attorney General, Office of Legal Policy (Attention:  Office of Information and Privacy), United States Department of Justice, Washington, D.C. 20530, within thirty days from receipt of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

[X]  See additional information which follows.

Sincerely yours,

Chief
Freedom of Information-
   Privacy Acts Section
Records Management Division

Enclosures  (9)

1800 M Street, N.W

Washington, D C 20036-5869

202-467-7000

Fax: 202-467-7176

## Morgan, Lewis & Bockius LLP

COUNSELORS AT LAW

Anthony C. Roth
202-467-7188

November 12, 1999

Freedom of Information Officer
Department of Justice
Federal Bureau of Investigation
J. Edgar Hoover Building
Room 6958
Washington, D.C. 20535

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I hereby request any and all
records in your files pertaining to the following individuals or entities:

1. Lester Leroy Bower, Jr.
   Date of Birth: 11/20/47
   Kansas City, MO;
   Aka (5)

2. Bob Tate or Bobby Glen Tate
   Date of Birth: 03/13/31
   Date of Death: 10/08/83;

3. Phillip Boyce Good
   Date of Birth: 10/09/53
   Date of Death: 10/08/83;

4. Ronald Howard Mayes
   Date of Birth: 02/04/46
   Date of Death: 10/08/83;

1-WA/1317577 1

EXHIBIT
106

Morgan, Lewis
& Bockius LLP

Freedom of Information Officer
November 12, 1999
Page 2

5. Jerry Mac Brown
   Date of Birth: 05/20/32
   Date of Death: 10/08/83

6. Grayson County Sheriff's Department and anyone associated with
   it;

7  Jerry Buckner;

8. The investigation of the October 8, 1983 murders of Bobby (Bob)
   Tate, Phillip Boyce Good, Ronald Howard Mayes, and Jerry Mac
   Brown in Sherman, Texas;

9. Brett ("Bear") Leckie;

10. Chestley ("Ches") Galen Gordon
    Social Security Number 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
    D.O.B. 3/6/1954

11. Lynn Langford
    Social Security Number 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; and

12. Robert ("Rocky") T. Ford
    Social Security Number 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.

If for any reason you determine that some portions of the requested information are exempt
from disclosure under the FOIA, please delete such allegedly exempt material, inform me of
the basis of the claims of exemption, and furnish copies of those portions of the document that
are not exempt. My consent to such deletion at this time is designed to facilitate your prompt
response and in no way waives my right to appeal any determination you may make
considering the applicability of any FOIA exemptions to the requested documents and
information.

I request that you provide me with exact copies or a complete and accurate account of the
information requested. I agree to pay reasonable search and reproduction costs.

Morgan, Lewis
& Bockius LLP

Freedom of Information Officer
November 12, 1999
Page 3

If you have any questions about this request or require further information, please contact me
at 202-467-7188.

Sincerely,

Anthony C. Roth

ACR/jma

1-WA/131/577 1



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1801 North Lamar Suite 300
Dallas, TX 75202
November 18, 1999

Mr. Anthony C. Roth
Morgan, Lewis and Bockius, L.L.P.
1800 M Street, N.W.
Washington, D.C. 20036-5869

Dear Sir:

      This is in response to your Freedom of Information Act (FOIA) request dated November 12, 1999, received by this office November 17, 1999, concerning Lester Leroy Bower, Jr., Jerry Buckner, Brett Leckie, Chestley Galen Gordon, Lynn Langford and Robert T. Ford.

      Before we may commence processing your request for records pertaining to another individual(s), we ask that you submit to the FBI either proof of death or a privacy waiver from that individual(s). Proof of death can be a copy of a death certificate, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than one hundred (100) years ago. Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another individual is considered an unwarranted invasion of privacy. Such records, if they exist, are exempt from disclosure pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, Exemptions (b)(6) and/or (b)(7)(C).

      Enclosed is a Privacy Waiver and Certification of Identity form. (You may make additional copies if you are requesting information on more than one individual). The subject of your request should complete this form and then sign it in the presence of a notary. The original privacy waiver must be provided to the FBI.

      In order to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, if you have not already done so.

      Once you have provided the necessary information, as described above, we will conduct a search of the indices to the central records system and advise you of the results.

      This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

**EXHIBIT**

_10 7_

If you desire, you may submit an appeal from any denial contained herein. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Suite 570, Flag Building, Washington, D.C. 20530, within sixty (60) days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal". Please cite the name of the office to which your original request was directed.

Please be advised that a search of the central records system as maintained by the Dallas Division is being conducted for information pertaining to your request concerning the Grayson County Sheriff's Department, the October 08, 1983 murders of Bobby (Bob) Tate, Phillip Boyce Good, Ronald Howard Mayes and Jerry Mac Brown in Sherman, Texas, collectively and individually. Upon completion of this search, any indicated records will be retrieved and reviewed to determine whether or not they are identifiable with your request.

The Freedom of Information Act provides for access to Government records where the records sought are "reasonably described" (Title 5, United States Code, Section 552(a)(3)). Your letter does not contain enough descriptive information to permit a search of our records concerning "anyone associated with" the Grayson County Sheriff's Department.

In accordance with Title 28, Code of Federal Regulations, Part 16.3(b), we are requesting that you provide more specific information to enable us to locate the records with a reasonable amount of effort. This should include the full names of individuals, any organizations or events involved, and the approximate time frame, if known.

Sincerely yours,

Danny A. Defenbaugh
Special Agent in Charge

By:  *Wilbur M. Gregory, Jr./sm*
Wilbur M. Gregory, Jr.
Chief Division Counsel

Enc.



**U.S. Department of Justice**

Federal Bureau of Investigation

---

In Reply, Please Refer to
File No. 190-DL-85792

1801 N. Lamar, Ste. 300
Dallas, Texas 75202-1795
December 01, 1999

*mPL*

Mr. Anthony C. Roth
Morgan, Lewis and Bockius, L.L.P.
1800 M Street, N.W.
Washington, D.C. 20036-5869

Dear Mr. Roth:

Reference is made to your telephone conversation with Paralegal Specialist Shawna Kay Maynard on December 01, 1999 and our letter dated November 18, 1999.

This is in response to your Freedom of Information Act requests dated November 12, 1999, directed to the Dallas Division and the Sherman Resident Agency. For your information, the Sherman Resident Agency is within the Dallas Division, and maintains no independent records system.

We have completed a search of both the automated and manual indices to the central records system maintained by the Dallas Division and material responsive to your request concerning the Grayson County Sheriff's Department, Bobby Glen Tate, Phillip Boyce Good, Ronald Howard Mayes and Jerry Mac Brown has been located.

Please be advised the material responsive to your request is too voluminous to be processed using the resources of this office. Accordingly, we have referred your request to FBI Headquarters for processing. The FOIPA Section will maintain your request by order of receipt and will assign it for processing in turn.

Headquarters will assign your request an FOIPA number and advise you of that number as soon as possible. Any future correspondence concerning this request should be directed to FBI Headquarters, FOIPA Section, 935 Pennsylvania, N.W., Washington, D.C. 20535-001.

Sincerely yours,

Danny A. Defenbaugh
Special Agent in Charge

By: *Wilbur M. Gregory, Jr./sm*
Wilbur M. Gregory, Jr.
Chief Division Counsel

1 - Addressee
1 - Bureau
1 - Dallas (190-DL-85792)(C)

*190-HQ-1320183-4*

**EXHIBIT**

_108_



(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE        **Date:** 12/01/1999

**To:** Director's Office     **Attn:** ▮▮▮▮▮
OPCA, FOIPA Section
Field Coordination Unit

**From:** Dallas
ODC/FOIA
Contact: PLS ▮▮▮▮▮ (214)▮▮▮▮

**Approved By:** ▮▮▮▮▮

**Drafted By:** ▮▮▮▮▮

**Case ID #:** 190-DL-85792 (Closed)

**Title:** Ronald Howard Mayes (Deceased) - Subject;
Anthony C. Roth, dba
Morgan, Lewis & Bockius, L.L.P. - Requester;
FOIA MATTER

**Synopsis:** Request is being referred to FBIHQ for processing in conjunction with HQ request numbers 911502, 911503, 911504, and 911505.

**Enclosures:** Enclosed for the Bureau is one copy of all correspondence re this request. *FD-531 detached & FCT 12/1/99 sep*

**Details:** REQUEST OF THE BUREAU

Process this request in accordance with current procedures and correspond directly with the requester.

This request is being referred to FBIHQ based on a review of the FOIPA Request Tracking System which indicates a pending FOIPA request on this subject by this requester as indicated by the FOIPA number above.

The following file was previously processed for this same law firm in 1990. By letter dated October 25, 1990, 1563 pages were reviewed and 564 pages were released, FOIPA# 319490, HQ file number 190-65578. Per consultation with requester on December 01, 1999, re-process entire file to include any new material added since 1990.

Dallas is OO in the following main file:

EXHIBIT
109

GANGMURS;
Lester Leroy Bower, Jr.;
Jerry Mac Brown (Deceased) - Victim:
Phillip Boyce Good (Deceased) - Victim;
Ronald Howard Mayes - Victim;
Bobby Glen Tate - Victim;
ECT; CR; ITSMV; HOBBS ACT
(DL 179B-97)

This file consists of five volumes and two Sub A folders, approximately 1600 pages.

♦♦

2

1800 M Street, N.W.

Washington, D.C. 20036-5869

202-467-7000

Fax: 202-467-7176

# Morgan, Lewis
## & Bockius LLP

COUNSELORS AT LAW

**Anthony C. Roth**
(202) 467-7824

January 18, 2000

**VIA U.S. MAIL**
Danny A. Defenbaugh, Special Agent in Charge
Wilbur M. Gregory, Jr., Chief Division Counsel
Federal Bureau of Investigation
1801 North Lamar Suite 300
Dallas, TX 75202

Re:   FOIA Request dated November 12, 1999 (no number assigned)

Dear Messrs. Defenbaugh and Gregory:

In response to your letter dated November 18, 1999 (a copy of which is enclosed herein), I am
I am modifying my request concerning the Grayson County Sheriff's Department as follows:

> (1)   Any and all records pertaining to any and all reports or FBI
> investigations of or corrupt practices of or the sale of illegal drug substances by
> persons employed by or working for the Grayson County (TX) Sheriff's
> Department during the time period of 1980 to 1990.

> (2)   Any and all records pertaining to any FBI inquiry about the Grayson
> County (TX) Sheriff's Department's investigation of the October 8, 1983
> murders of Bobby Glen Tate, Philip Boyce Good, Ronnie Mayes, and Jerry Mac
> Brown, in Sherman, Texas.

I also expect to be able to provide to you shortly a Privacy Waiver and Certification of Identity
form completed and signed by Lester Leroy Bower, Jr.

If you need any additional information or have any questions, please contact either me at (202)
467-7188, or my colleague, Corinne Niosi, at (202) 467-7824.

Sincerely,

Anthony C. Roth

Enclosure
cc: Corinne Niosi, Esq.

| Philadelphia | Washington | New York | Los Angeles | Miami | Harrisburg | Pittsburgh |
| --- | --- | --- | --- | --- | --- | --- |
| | London | Brussels | Frankfurt | | Tokyo | Singapore |

**EXHIBIT**

110

Washington, D.C. 20036-5869

202-467-7000

Fax: 202-467-7176

**Morgan, Lewis
& Bockius** LLP

COUNSELORS AT LAW

**Anthony C. Roth**
(202) 467-7824

January 27, 2000

## VIA U.S. MAIL

Danny A. Defenbaugh, Special Agent in Charge
Wilbur M. Gregory, Jr., Chief Division Counsel
Federal Bureau of Investigation
1801 North Lamar, Suite 300
Dallas, TX 75202

Re:    FOIA Request dated November 12, 1999 (no number assigned)

Dear Messrs. Defenbaugh and Gregory:

In your letter dated November 18, 1999 (a copy of which is enclosed herein), you requested
that I provide a Privacy Waiver and Certification of Identity form completed and signed by
Lester Leroy Bower, Jr. I am enclosing Mr. Bower's waiver with this letter.

If you need any additional information or have any questions, please contact either me at (202)
467-7188, or my colleague, Corinne Niosi, at (202) 467-7824.

Sincerely,

Anthony C. Roth

Enclosures

cc: Corinne Niosi, Esq.

190-HQ-1320183

[ WA: 1354057 ]

Philadelphia   Washington   New York   Los Angeles   Miami   Harrisburg   Pittsburgh   Princeton
               London       Brussels   Frankfurt            Tokyo        Singapore


EXHIBIT

///



**U.S. Department of Justice**

Federal Bureau of Investigation
935 Pennsylvania Ave., N.W.

Washington, D.C. 20535-0001

Anthony C. Roth, Esq.
Morgan, Lewis & Bockius, LLP
1800 M. Street, Northwest
Washington, D.C. 20036-5869

JAN 31 2001

Subject of Request: Lester L. Bower, et al.

FOIPA No. 911501 /190- HQ-1320183

Dear Requester:

Enclosed are copies of documents from FBI records. Excisions have been made to protect information exempt from disclosure pursuant to Title 5, United States Code, Section 552 (Freedom of Information Act) and/or Section 552a (Privacy Act). In addition, where excisions were made, the appropriate exempting subsections have been cited opposite the deletions. Where pages have been withheld in their entirety, a deleted page information sheet has been substituted showing the reasons or basis for the deletion. The subsections cited for withholding information from the enclosed documents are marked below:

**Section 552**

- ☐ (b)(1)
- ☒ (b)(2)
- ☒ (b)(3) Rule 6 (e)
- _____
- _____
- _____
- ☐ (b)(4)
- ☐ (b)(5)
- ☒ (b)(6)

- ☐ (b)(7)(A)
- ☐ (b)(7)(B)
- ☒ (b)(7)(C)
- ☒ (b)(7)(D)
- ☐ (b)(7)(E)
- ☐ (b)(7)(F)
- ☐ (b)(8)
- ☐ (b)(9)

**Section 552a**

- ☐ (d)(5)
- ☒ (j)(2)
- ☐ (k)(1)
- ☐ (k)(2)
- ☐ (k)(3)
- ☐ (k)(4)
- ☐ (k)(5)
- ☐ (k)(6)
- ☐ (k)(7)

(See Form OPCA-16a, enclosed, for an explanation of these exemptions.)

Pursuant to your request, 1908 pages(s) were reviewed and 1530 page(s) are being released.

During the review of material pertinent to the subject of your request, documents were located which

☐ originated with another Government agency(ies).
These documents were referred to that agency(ies) for review and direct response to you.

☐ contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

1 - RTSS, Room 6362

DELF:delf (4)      See NOTE page 2

FORWARDED TO MSU
BY _____
DATE _____

**EXHIBIT**

112

☒ If you desire, you may appeal any denials contained herein. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001 within sixty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject of your request was the subject of the investigation. There are additional references to the subject(s) of your request in files relating to other individuals, organizations, events or activities. These additional mentions or references have not been reviewed to determine if, in fact, they are identifiable with the subject(s) of your request. Our experience has shown that such references are frequently similar to information contained in the processed main file(s). We will process these references if you now make a specific request for them. However, because of a significant increase in FOIPA requests and an expanding backlog, we have given priority to the processing of main investigative files and can only complete the processing of these additional references as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

*[signature]*

Chief
Freedom of Information-
Privacy Acts Section
Office of Public and Congressional Affairs

Enclosures (10)

This is a response to your request for re-processed information regarding the following names: Lester Leroy Bower, Jr., FOIPA # 911501-1; Bobby Glen Tate, FOIPA # 911502-1; Phillip Boyce Good, FOIPA # 911503-1; Ronald Howard Mayes, FOIPA # 911504-1 and Jerry Mac Brown, FOIPA # 911505-1.

Pursuant to Title 28, Code of Federal Regulations, Sections 16.10 and 16.47, there is a fee of $.10 per page for duplication. No fees are accessed for the first 100 pages, therefore your duplication fee is $143.00. Please send a check or money order payable to the "Federal Bureau of Investigation" in the amount of $143.00, indicating your FOIPA request number on the check/money order.

NOTE:    All five sections of file # 179-DL-97, including the 179-DL-97-1A bulky enclosures; and file # 63-18573 were all re-processed for this request, regarding the following: Lester Leroy Bower, Jr., FOIPA # 911501-1; Bobby Glen Tate, FOIPA # 911502-1; Phillip Boyce Good, FOIPA # 911503-1; Ronald Howard Mayes, FOIPA # 911504-1; and Jerry Mac Brown, FOIPA # 911505-1. Authorizations to release information to Mr. Roth were received from Lester Leroy Bower, Jr.



## Civil Name Search Results

**1 Total Party match for selection ROTH, ANTHONY NOS 895 for ALL COURTS**

**Search Complete**

**Thu Jun 12 13:27:31 2008**

**Selections 1 through 1 (Page 1)**

🔴 **Download** (1 pages $ 0.00)

| Name | Court | Case No. | Filed | NOS Closed |
|------|-------|----------|-------|-----------|
| 1 ROTH, ANTHONY C. | dcdce | 1:2008cv00822 | 05/12/2008 | 895 |

ROTH v. UNITED STATES DEPARTMENT OF JUSTICE

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/12/2008 13:27:31 | | |
| **PACER Login:** | ux0152 | **Client Code:** | |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | ROTH, ANTHONY NOS 895 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal

**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports

**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |

E-Mail PSC | Logout

?? Help

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

Anthony C. Roth
202.739.5188
aroth@morganlewis.com

January 3, 2008

**VIA U.S. MAIL**

Record/Information Dissemination Section
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC 20535

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I hereby request any and all records in your files pertaining to the following individuals or entities:

1. Jerry Buckner;

2. Brett ("Bear") Leckie;

3. Chestley ("Ches") Galen Gordon
   Social Security Number 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
   D.O.B. 3/6/1954

4. Lynn Langford
   Social Security Number 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; and

5. Robert ("Rocky") T. Ford
   Social Security Number 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.

I request that you provide me with exact copies or a complete and accurate account of the information requested. I agree to pay reasonable search and reproduction costs.

1-WA/2880181.1

①

Record/Information Dissemination Section
January 3, 2008
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

If you have any questions about this request or require further information, please contact me at
202-739-5188.

Sincerely,

*Anthony C. Roth*

Anthony C. Roth



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 23, 2008

**RECEIVED**

Anthony C. Roth
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue Northwest
Washington, DC 20004

JAN 2 8 2008

MORGAN, LEWIS & BOCKIUS LLP

Dear Requester:

   Your Freedom of Information/Privacy Acts (FOIPA) request letter for records maintained by the FBI concerning other individuals is being returned to you.

   Before we process your request for records pertaining to other individuals, we ask that you submit either proof of death or a privacy waiver from the subjects of your request. Proof of death can be a copy of a death certificate, Social Security Death Index, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

   Enclosed is a Privacy Waiver and Certification of Identity form. (You may make additional copies if you are requesting information on more than one individual.) The subject of your request should complete this form and then sign it or prepare a document containing the required descriptive data and have it notarized. The original privacy waiver or notarized authorization with the descriptive information and a legible, original signature must be provided to the FBI before an accurate search of our records can be conducted.

   This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

Sincerely yours,

David M. Hardy
Section Chief,
Records Information
  and Dissemination Section
Records Management Division

**ALL ATTACHED CORRESPONDENCE MUST BE RETURNED TO THE FBI WITH THIS LETTER.**

# Privacy Waiver and Certification of Identity

Full Name: _____

Aliases used: _____

Current Address: _____

                               _____

                               _____

Date of Birth: _____ Place of Birth: _____

Social Security Number (optional):

_____

(Optional: Prior addresses, employments, etc., which may assist the FBI in locating the requested information) _____

_____

_____

    **I hereby waive my right to privacy, and I authorize the FBI to release any and all information relating to me to :**

                      **(Name, address & phone of attorney or other designee)**

                    _____

                    _____

                    _____

                    _____

    Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature:_____ Date: _____

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

**Morgan Lewis**
C O U N S E L O R S   A T   L A W

**Anthony C. Roth**
202.739.5188
aroth@morganlewis.com

January 3, 2008

**VIA U.S. MAIL**

Record/Information Dissemination Section
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC 20535

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I hereby request any and all records
in your files pertaining to the following:

    1.    FBI Field Office File DL 179B-97, Volume Number I, Serials 1-40;

    2.    FBI Field Office File DL 179B-97, Volume Number II, Serials 41-111;

    3.    FBI Field Office File DL 179B-97, Volume Number III, Serials 112-199;

    4.    FBI Field Office File DL 179B-97, Volume Number IV, Serials 200-305;

    5.    FBI Field Office File DL 179B-97, Volume Number V, Serials 306 - ___;

    6.    FBI Field Office File DL 179B-97, Volume Number IA;

    7.    FBI Field Office File DL 179B-97, Volume Number IB;

    8.    FBI Headquarters File HQ 163-18573;

    9.    FBI File DL 62D-5174; and

    10.    FBI File 95-259626.

I request that you provide me with exact copies or a complete and accurate account of the
information requested.  I agree to pay reasonable search and reproduction costs.

②

Record/Information Dissemination Section
January 3, 2008
Page 2



If you have any questions about this request or require further information, please contact me at 202-739-5188.

Sincerely,

Anthony C. Roth



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 16, 2008

MR ANTHONY C ROTH
MORGAN, LEWIS & BOCKIUS, LLP
1111 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004

Request No.: 1106216- 000
Subject: FILE NUMBER HQ 163-18573

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

Anthony C. Roth
202.739.5188
aroth@morganlewis.com

January 3, 2008

**VIA U.S. MAIL**

FOIA/Privacy Staff
Executive Office for United States Attorneys
600 E Street, N.W. (BICN Room 7300)
Washington, DC 20530-0001

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I hereby request any and all records in your files pertaining to the following:

1.  *State v. Bower*, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

2.  The investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown;

3.  Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas, in connection with the investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown;

4.  Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas, in connection with the prosecution and trial of *State v. Bower*, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

5.  Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas, in connection with post-trial legal proceedings related to *State v. Bower*, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

6.  FBI Field Office File DL 179B-97, Volume Number I, Serials 1-40;

7.  FBI Field Office File DL 179B-97, Volume Number II, Serials 41-111;

8.  FBI Field Office File DL 179B-97, Volume Number III, Serials 112-199;

1-WA/2880177 1

③

FOIA/Privacy Staff
January 3, 2008
Page 2



9.   FBI Field Office File DL 179B-97, Volume Number IV, Serials 200-305;

10.  FBI Field Office File DL 179B-97, Volume Number V, Serials 306 - ___;

11.  FBI Field Office File DL 179B-97, Volume Number 1A;

12.  FBI Field Office File DL 179B-97, Volume Number 1B;

13.  FBI Headquarters File HQ 163-18573;

14.  FBI File DL 62D-5174; and

15.  FBI File 95-259626.

I request that you provide me with exact copies or a complete and accurate account of the information requested. I agree to pay reasonable search and reproduction costs.

If you have any questions about this request or require further information, please contact me at 202-739-5188.

Sincerely,

*Anthony C. Roth*

Anthony C. Roth



**RECEIVED**

FEB - 8 2008

MORGAN, LEWIS & BOCKIUS LLP

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530          FEB - 5 2008
202-616-6757  Fax 202-616-6478

Request Number: __08-135_____ Date of Receipt: __January 16, 2008__

Requester: __Anthony C. Roth_____ Subject: __State v. Bower (Items 1,2)__

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.  [  ]   Your request has been forwarded to _____ for a direct response to you.

2.  [  ]   The records responsive to your request have been destroyed pursuant to Department of Justice guidelines.

3.  [ ]   Your request seeks public records which may be obtained from the clerk of the court.

4.  [√]   Your request pertains to state or local matters, the records for which are maintained by state or local agencies and, therefore, are outside the scope of the Act. You should contact the pertinent state or local agency for a response to your request.

5.  [ ]   The Freedom of Information Act only applies to records already in existence and does not require an agency to conduct research, create new records, or answer questions presented as FOIA requests.

6.  [  ]   Your request concerns material which is publicly available through the Government Printing Office. You can obtain/purchase a copy of the requested material by writing to the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402.

7.  [  ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

This is our final action on this above-numbered Request. You may appeal my decision on this request by writing to the **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite, 11050, Washington, D.C. 20530-0001**, within 60 days from the date of this letter. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative, appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director

Form No. 005A - 2/06



**U.S. Department of Justice**                    FEB - 5 2008

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester: Anthony C. Roth                    Request Number: 08-137

Subject: FBI Records (Items 6 – 15)

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request. The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

    You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Federal Bureau of Investigation (FBI). Please contact the bureau directly at the following address:

Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

[   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
**NOT SPLIT**

    This is a final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001. Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

*William G. Stewart*

William G. Stewart II
Assistant Director

Form No. 042 - 3/07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Roth,
      on behalf of Lester L. **Bower, Jr.**,     )
                         Plaintiff,     )
                                    )
                                    ) Civil Action No. 08-822
      V.                              )
                                    )
United States Department             )
of Justice,                           )
                                    )
                   Defendant.     )
                                    )
_____ )

## DECLARATION OF DIONE JACKSON STEARNS

I, Dione J. Stearns, declare the following to be a true and correct statement of facts:

1.)      I am an Attorney Advisor with the Executive Office for United States Attorneys

(EOUSA ), United States Department of Justice. In that capacity, my responsibilities include:

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. § 552a (1988) ("PA");

the review of FOIA/PA requests for access to records located in this office and the 94 United

States Attorney's offices (USAO's) and the case files arising therefrom; the review of

correspondence related to requests; the review of searches conducted in response to requests; the

location of responsive records; and preparation of responses thereto by EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

1

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§ 16.3 et seq. and 16.40 et seq.).

2.)      As an Attorney Advisor of the FOIA/PA unit, EOUSA, I have authority to release

and/or withhold records requested under the FOIA/PA, and to advocate the position of EOUSA

in actions brought under the FOIA/PA.  The statements I make hereinafter are made on the basis

of my review of the official files and records of EOUSA, on my own personal knowledge, or on

the basis of information acquired by me through the performance of my official duties.

3.)      Due to the nature of my official duties, I am familiar with the procedures followed

by this office in responding to the FOIA/PA request made by Anthony Roth (hereinafter referred

to as "Plaintiff").

## CORRESPONDENCE

4.)      By letter dated January 3, 2008 and received by EOUSA's FOIA/PA on January

16, 2008, Mr. Roth made a FOIA request.  The request did not indicate in any manner that it was

being made in a representational capacity on behalf of Lester L.  Bower, Jr.  The request sought

all records in EOUSA's files pertaining to the following:

    1.    *State v. Bower*, Nos. 33426-29, 15th Judicial District, Grayson County,
        Texas (1984);

    2.    The investigation of the October 8, 1983 murders of Bobby Glen Tate,
        Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown;

    3.    Any task performed by Ronald J. Seivert, AUSA, Tyler Texas, in
        connection with the investigation of the October 8, 1983 murders of
        Bobby Glen Tate, Philip Boyce, Ronald Howard Mayers, or Jerry Mac
        Brown;

    4.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas in
        connection with post-trial legal proceedings related to State v. Bower,

Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

5.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler Texas in connection with post-trial legal proceedings related to State v. Bower, Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

6.    FBI Field Office File DL 179B-97, Volume Number I, Serials 1-40;

7.    FBI Field Office File DL 179B-97, Volume Number II, Serials 41-111;

8.    FBI Field Office File DL 179B-97, Volume Number III, Serials 112-199;

9.    FBI Field Office File DL 179B-97, Volume Number IV, Serials 200-305;

10.    FBI Field office File DL 179B-97, Volume Number V, Serials 306_____;

11.    FBI Field Office File DL 179B-97, Volume Number 1A;

12.    FBI Field Office File DL 179B-97, Volume Number 1B;

13.    FBI Headquarters File HQ 163-18573

14.    FBI File DL 62D-5174; and

15.    FBI File 95-259626.

*See* **Exhibit 1.**

**Request Number 08-135**

5.)    By letter dated February 5, 2008, EOUSA FOIA/PA acknowledged Plaintiff's' request and advised him that it had trifurcated his request for processing purposes. More specifically, Request Number 08-135 was assigned to the portion of his request pertaining to items 1 and 2, state records. EOUSA and the 94 United States Attorney's Offices do not maintain state records. Accordingly, EOUSA FOIA/PA administratively closed this file.

6.)    By letter dated March 26, 2008, Requester appealed EOUSA's final determination

to the Office of Information and Privacy ("OIP"). I have confirmed by phone that this appeal is pending adjudication.

**Request Number 08-136**

7.)    Request Number 08-136 was assigned to items 3 through 5 of Requester's request. These items pertained to Assistant United States Attorney Ronald J. Seivert, in the United States Attorney's Office for the Eastern District of Texas ("USAO/TXE"). By letter dated April 29, 2008, EOUSA informed the Plaintiff that 5 pages were being released in full and 2 pages were being released in part because portions of those pages do not pertain to Plaintiff's request.[1] Rather, they pertain to the 1989 destruction of other case files , which are not connected in anyway to the tasks performed by AUSA Seivert in the investigation, prosecution, and post trial proceedings of *State v. Bowers*. Thus, those portions are non-responsive. *See* **Exhibit 2.**

**Request Number 08-137**

8.)    Request Number 08-137 was assigned to the portions of Requester's request pertaining to Federal Bureau of Investigation (FBI) files. By letter dated February 5, 2008, EOUSA informed Requester that FBI files are not maintained by EOUSA or by the individual United States Attorney's Offices, but are maintained by the FBI. The letter further stated that Requester should contact the FBI directly concerning their files. Request Number 08-137 was administratively closed. *See* **Exhibit 3**.

9.)    By letter dated March 29, 2008, Requester appealed EOUSA's final determination

---

[1] EOUSA subsequently determined that one of the pages that had been withheld in part could be released in full. EOUSA released that document by letter dated June 9, 2008. Thus, as of the date of this filing, 6 pages have been released in full to Plaintiff and 1 page has been released in part.

to OIP. I have confirmed by phone and email that this appeal is pending adjudication.

## ADEQUACY OF THE SEARCH

### Request Number 08-135

10.)     In Request Number 08-135 Plaintiff sought records a) by the names of specific

murder victims and b) by state case identifiers, i.e. state records.   The Legal Information

Network System ("LIONS") database is  the sole computer tracking system utilized by EOUSA

and USAO/TXE to search for records.   LIONS is the only source of information within their

possession, custody or control that contains data concerning criminal and civil cases brought or

defended by the United States. LIONS does not maintain records which are retrievable by

victims' names or by state case identifiers.   Therefore, no search for records was conducted since

records are not retrievable in the LIONS system by the identifiers supplied – i.e. victim name and

state case identifiers.

### Request Number 08-136

11.)     Upon receipt of Requester's FOIA/Privacy Act request pertaining to items 3

through 5 of Requester's request, the USAO/TXE FOIA representative, Jill Wood,  commenced a

search in LIONS.  LIONS is the case management/tracking system used by USAO/TXE to record

and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys

("AUSAs"), and to produce a variety of reports on that information. LIONS can be searched

using, a party's name or federal case number.  In connection with Requester's FOIA request, Ms.

Wood searched LIONS using the names Lester Leroy Bower, Jr.; and AUSA Ronald J. Sievert.

Only 7 pages of responsive records were located.   All other responsive records pertaining to Mr.

Bower were destroyed in July 1999 pursuant to Departmental records retention schedule. *See* 44

U.S.C. § 3301 *et seq.,* 36 C.F.R. § 1228 (2007). *See* **Exhibit 4.** (Search declaration of Jill Wood).

**Request Number 08-137**

12.)    In Request Number 08-137, Plaintiff requested FBI files by FBI file number. EOUSA and USAO/TXE did not search LIONS, for responsive FBI records because LIONS does not maintain FBI records, and it is not searchable by FBI File numbers. The FBI files are maintained by the FBI. EOUSA advised Plaintiff that 28 C.F.R. § 16.3 requires that FOIA request for FBI records be made to the FBI, not EOUSA. Subsequently, EOUSA administratively closed this file.

## SEGREGABILITY

13.)    Here, segregability is not at issue in regard to Request Numbers 08-135 and 08-137 since no search could be conducted and, therefore, there are no responsive records at issue. As to Request Number 08-136, the only information redacted was non-responsive information which identified other case files, not related to Mr. Bowers, which had been destroyed.

## CONCLUSION

14.)    Each step in the handling of Requester's request has been entirely consistent with the EOUSA's and the USAO's procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 9th day of June 2008 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

2008 JAN 16 PM 1: 12

EPT. OF JUSTICE/EOUS

**Anthony C. Roth**
202.739.5188
aroth@morganlewis.com

January 3, 2008

**VIA U.S. MAIL**

FOIA/Privacy Staff
Executive Office for United States Attorneys
600 E Street, N.W. (BICN Room 7300)
Washington, DC  20530-0001

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I hereby request any and all records in your files pertaining to the following:

1.    *State v. Bower,* Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

2.    The investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown;

3.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas, in connection with the investigation of the October 8, 1983 murders of Bobby Glen Tate, Philip Boyce, Ronald Howard Mayes, or Jerry Mac Brown;

4.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas, in connection with the prosecution and trial of *State v. Bower,* Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

5.    Any tasks performed by Ronald J. Seivert, AUSA, Tyler, Texas, in connection with post-trial legal proceedings related to *State v. Bower,* Nos. 33426-29, 15th Judicial District Court, Grayson County, Texas (1984);

6.    FBI Field Office File DL 179B-97, Volume Number I, Serials 1-40;

7.    FBI Field Office File DL 179B-97, Volume Number II, Serials 41-111;

8.    FBI Field Office File DL 179B-97, Volume Number III, Serials 112-199;

1-WA/2880177.1



GOVERNMENT EXHIBIT

FOIA/Privacy Staff
January 3, 2008
Page 2

Morgan Lewis
COUNSELORS AT LAW

9.    FBI Field Office File DL 179B-97, Volume Number IV, Serials 200-305;

10.   FBI Field Office File DL 179B-97, Volume Number V, Serials 306 - ___;

11.   FBI Field Office File DL 179B-97, Volume Number 1A;

12.   FBI Field Office File DL 179B-97, Volume Number 1B;

13.   FBI Headquarters File HQ 163-18573;

14.   FBI File DL 62D-5174; and

15.   FBI File 95-259626.

I request that you provide me with exact copies or a complete and accurate account of the information requested.  I agree to pay reasonable search and reproduction costs.

If you have any questions about this request or require further information, please contact me at 202-739-5188.

Sincerely,

Anthony C. Roth

ADDENDUM FOR SPLIT REQUESTS

This request has been split into __3__ separate files ("requests"), as noted below, for the separate districts and/or subjects mentioned in the request letter. We have assigned the _3_ requests the following numbers:

| File ("Request") Number | Subject |
|---|---|
| 08-136 | AUSA SEIVERT (STATE v. BOWER Items 3 - 5) |
| 08-135 | STATE v. BOWER (Items 1,2) |
| 08-137 | FBI Records (Items 6 - 15) |

      Requester will receive separate correspondence (acknowledgment letter or closing letter) for each file ("request") above.  We will process each file ("request") separately and send a response on each as soon as it is finished.

**U.S. Departᵐᵗ of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478   (www.usdoj.gov/usao)*

Requester:  Anthony C. Roth____          Request Number: 08-136___

Subject of Request: AUSA Seivert (State v. Bower items 3-5) / Eastern District of Texas____

Dear Requester:                                              APR 2 9 2008

     Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

     To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

     Enclosed please find:

5_ page(s) are being released in full (RIF);
2_ page(s) are being released in part (RIP);

     ***Please note that some information is non-responsive and has been redacted from the documents we are releasing.***

     [ X ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.  Each file was given a separate Request Number (listed below), for which you will receive a separate response:

               08-135
               08-137



This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

Sincerely,

Karen M. Finnegan for

William G. Stewart II
Assistant Director

Enclosure(s)

Note: Enclosed are documents that show that the District's criminal case file pertaining to the Bower prosecution was destroyed pursuant to Department of Justice regulation and records retention schedules.  <u>See</u> 44 U.S.C. § 3301 *et seq*., 36 C.F.R. § 1228.

Requester's Name _____ *Roth, Alberg* _____

FOIA FILE No. _____ *08 - 136* _____

# DOCUMENTS RELEASED IN PART (RIP)

*2* pages

CRIMINAL CASES

EARLIEST CLOSING DATE: 01/09/89
LATEST CLOSING DATE:   04/28/89

| DOCKET NUMBER | NAME OF CASE | CLOSED |
|---|---|---|

*NR*

USAO# 8300769          BOWER,  Lester  Leroy  (One          04/24/89
                       Accordian Folder)

*NR*



ACCESSION NUMBER  118-93-A0048

LOCATION NUMBER   C1610432

BOX NO.  2   of   6

| NOTICE        NTENT TO DESTROY RECORDS | DATE OF NOTICE 04 01 99 | DISPOSAL DATE 199907 |
|---|---|---|

RECORDS DESCRIPTION

| ACCESSION NUMBER 118-93A0048 | SUBGROUP ATY |
|---|---|
| DISPOSAL AUTHORITY USAM/3D/4 | VOLUME (Cu. ft.) 3.000 |

SERIES DESCRIPTION

CRIM CASE FI ES TYLER TX
6 89

ADDRESS   FEDERAL RECORDS CENTER

NARA SOUTHWEST REGION
P.O. BOX 6216
FORT WORTH TX 76115

 records described in this notice appear eligible for disposal on the date shown. In ordance with 36 CFR 1228.164(c), they will be destroyed 90 days from the date of notice. You should annotate your SF 135 (all copies) to show that the records e been destroyed. No other action is required. If you do not concur in the scheduled truction of these records, you may request an extension of the retention period by viding written justification (including a proposed new disposal date) within the day period to the director of the Federal records center indicated at the right.

ARKS

LOCATION: C-16-104-3-2 C-16-104-3-4

U.S. ATTORNEY'S OFFICE
ATTN: RECORDS OFFICER
110 NORTH COLLEGE, SUITE 700
TYLER,           TX 75702

ATIONAL ARCHIVES AND RECORDS ADMINISTRATION

NA 13001 (7-88)

REQUESTER'S NAME _____ *Loth, Anthony* _____

FOIA FILE No. _____ *08 L /36* _____

# DOCUMENTS RELEASED IN FULL (RIF)

_5_ pages located

**Defendant**
BOWER, LESTER LEROY

**USAO # /SEQ**
83R0769 001

**File Name**
US V BOWER, LESTER L

**Lead Charge**
18 :0241

**Offense**
CIVIL RIGHTS PROSECUTION

**Branch**   **AUSA**   **Agency**   **#Defs**   **Court Number**
4           RS         JUFB

**Matter Dt**   **Def Disp Dt**   **Def Disp Reason**
831114          890424            SPOA

BOWER, Lester Leroy, Jr.                    No.:    CrGenInfo

C/A:                                Court No.:

        ITSMV

Opened:     10-4-84                  Closed:

Attorney:     Ron Sievert

See Also:   Filed under CrGenInfo under "B"

8 USA 4

MEMORANDUM COPY



**U.S. Department of** ~~stice~~ Saudi

Office of the Deputy Attorney General

*Attorney Personnel Management*

*Washington, D.C. 20530*

APR 05 1984

Mr. Robert J. Wortham
United States Attorney
Beaumont, Texas   77704

APR  2 1984

    Re:  Mr. Ronald J. Sievert
        Assistant United States Attorney

Dear Mr. Wortham:

    This is in response to your letter dated March 7, 1984, requesting permission for Assistant United States Attorney Ronald J. Sievert to be appointed for a six-month period, as a Special Prosecutor in the Grayson County District Attorney's office for the State of Texas.  Mr. Sievert will assist the State Prosecutor in the capital murder prosecution of Lester Leroy Bower, Jr.  It is understood that the Criminal District Attorney has approved this request.

    Mr. Sievert will not receive any compensation other than his regular salary as an Assistant United States Attorney, for his service.  Under the circumstances as outlined in your letter, the request appears to be justified and, therefore, permission is granted.  This permission is conditioned on there being no conflict of interest with his position as Assistant United States Attorney and no interference with the performance of his duties. Mr. Sievert will be deemed to be on official duty while he is acting as a Special Prosecutor in the Grayson County District Attorney's office for the State of Texas in this matter.  Therefore, it will not be necessary for him to take administrative leave for this purpose.

              Sincerely,

              Harry L. Gastley
              Deputy Director
    Office of Attorney Personnel Management

cc:  Mr. William J. Cornelius
     First Assistant United States Attorney
     Tyler, Texas   75710



U.S. Department of  lice



*United States Attorney*
*Eastern District of Texas*

---

Post Office Box 2034                                    221 W. Ferguson Street
Tyler, Texas 75710                                        Tyler, Texas 75702
214/597-8146
FTS/749-6054

March 7, 1984

Mr. Lawrence S. McWhorter
Deputy Director
Executive Office United States Attorney
Department of Justice
Room 1617
10th & Constitution
Washington, D. C. 20530

Dear Sir:

Permission is requested for assignment of Assistant United
States Attorney Ronald J. Sievert as special prosecutor in the
Grayson County District Attorney's Office of the State of
Texas.  Mr. Sievert has been asked to accept a six month
appointment by the Criminal District Attorney to the cross-
designation program.

Mr. Sievert will assist the State prosecutor in the
capital murder prosecution of Lester Leroy Bower, Jr.  Bower
has been indicted by the State for the simultaneous murder of
four individuals at the time he stole an ultralight airplane
from a Grayson County airplane hanger.  Two of these
individuals were in the business of buying and selling such
planes in interstate commerce.  The eventual identification
and arrest of Bower was due in large part to the efforts of
Federal investigators working in conjunction with Mr. Sievert.
This cross-designation is part of a coordinated program of
prosecution on both the State and Federal level.

I am at this time unaware of any possible conflicts of
interest with his position as Assistant United States
Attorney.

1



If his appointment is accepted Mr. Sievert will continue to receive his salary as Assistant United States Attorney but will not receive any additional compensation. Due to the immediacy of this pending trial in State Court it is requested that the consideration of this appointment be expedited as soon as possible.

Very truly yours,

BOB WORTHAM
Assistant U. S. Attorney

William Cornelius

WILLIAM J. CORNELIUS
First Assistant U. S. Attorney

WJC:lee



2



**U.S. Department** ' ustice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

FEB - 5 2008

Requester: Anthony C. Roth _____    Request Number: __08-137_____

Subject:__ FBI Records (Items 6 – 15) _____

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request.  The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

    You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Federal Bureau of Investigation (FBI).  Please contact the bureau directly at the following address:

Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

[  ]   Please note that your original letter was split into separate files ("requests'), for processing purposes, based on the nature of what you sought.  Each file will have a separate Request Number (listed below), for which you will receive a separate response:
**_NOT SPLIT_**_____

    This is a final action on this above-numbered Request.  You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.**  Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court.  28 C.F.R. §16.9.

Sincerely,

*William G. Stewart II*

William G. Stewart II
Assistant Director

Form  No. 042 - 3/07



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Roth,
     on behalf of Lester L. Bower, Jr.,    )
           **Plaintiff,**     )
                  )
                  ) Civil Action No. 08-822
     V.             )
                  )
United States Department     )
of Justice,              )
                  )
          **Defendant.**     )
                  )
_____)

## **DECLARATION OF JILL WOOD**

    I, Jill Wood, declare the following to be a true and correct statement of facts:

    1)   **This Declaration addresses the searches that I conducted for records responsive to the**

FOIA request made by Anthony Roth.

    2)   I am currently the Freedom of Information Act ("FOIA") Contact of the United

States Attorney's Office ("USAO"), Eastern District of Texas ("TXE"). Since 2005 to the

present, I have been the FOIA Contact between the USAO/TXE and the Executive Office for

United States Attorneys. ("EOUSA"). As a FOIA Contact, I handle approximately five (5) FOIA

requests per year. To do so, I conduct searches for documents that might be responsive to a

FOIA request in my District. Once I locate all responsive documents, I sort through them and

separate the responsive records from the non-responsive records. I then forward the responsive


GOVERNMENT
EXHIBIT
4

records to EOUSA. EOUSA makes all determinations regarding the release or withholding of records. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

3)   Due to the nature of my official duties, I am familiar with procedures followed by this Office in responding to FOIA requests.

4)   By facsimile, dated February 19, 2008, I was instructed by EOUSA to conduct a search for any records this office may have regarding specific public records pertaining to AUSA Seivert (State v. Bower).

5)   On February 26, 2008, I searched the Legal Information Network System ("LIONS") database. LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs"), and to produce a variety of reports on that information. Information maintained in the LIONS database is retrievable by the defendant's name, USAO jacket number, and Court docket number. Accordingly, I conducted a search in LIONS by using the names Lester Leroy Bower, Jr. and AUSA Ronald J. Seivert. I searched under the subject of criminal and civil rights, as well as, case file 83R0769. I located 7 pages of responsive records pertaining to Mr. Bower and AUSA Seivert. All other responsive records pertaining to Mr. Bowers case were destroyed in July 1999.

6)   On February 27, 2008, I notified EOUSA that the record had been destroyed.

6)   On June 5, 2008, EOUSA requested that I provide a declaration regarding the search that I conducted in February 2008 in response to Plaintiff's FOIA/PA request. The above contains the summary of the search that I conducted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June 2008 in Tyler, Texas.

Jill Wood
FOIA Contact
Office of the U.S. Attorney
Eastern District of Texas
Tyler Division

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANTHONY C. ROTH,
     on behalf of Lester L.  Bower, Jr.
                                   :
     Plaintiff                    :
                                        CA No. 08-822 (ESH)
     v.                         :

UNITED STATES DEPARTMENT     :
OF JUSTICE,                      :
     Defendant.             :

ORDER

Upon consideration of plaintiff's motion for an expedited schedule and for expedited

processing of Freedom of Information Act requests, and defendants' response thereto, it is hereby

ORDERED that plaintiff's motion is DENIED.

Date:              _____
                       UNITED STATES DISTRICT COURT JUDGE