UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY C. ROTH,
    on behalf of Lester L. Bower, Jr.
                             :
    Plaintiff                      :
                                CA No. 08-822 (ESH)
    v.                            :

UNITED STATES DEPARTMENT    :
OF JUSTICE,                        :
    Defendant.                 :

## ANSWER

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### THIRD DEFENSE

Plaintiff as named and described in the complaint has no standing to bring this complaint

### FOURTH DEFENSE

In response to each numbered paragraph of the complaint, the defendants answer, using the same numeration which appears in the complaint. Any allegation in the complaint which is not specifically admitted herein is denied.

    1. This paragraph contains plaintiff's characterization of his case, to which no response is required. To the extent a response is deemed to be required, denied.

### JURISDICTION AND VENUE

    2 & 3. These paragraphs contain plaintiff's legal conclusion as to jurisdiction and venue

to which no response is required.

## PARTIES.

4. First sentence, deny that any of the requests dated January 3, 2008 stated that they were made on behalf of a client, Lester Leroy Bower, Jr. Deny that the defendant refused to give plaintiff access to any documents to which he was entitled under the FOIA. Second sentence, admit. Third sentence, defendant does not have sufficient information to admit or deny.

5. First sentence, admit that the FBI and EOUSA are components of the Department of Justice and subject to the requirement of FOIA. Second sentence, admit that Mr. Roth in his individual capacity sent requests to EOUSA and the FBI, otherwise denied.

## FACTUAL ALLEGATIONS

6. Admit that Mr. Bower was convicted of murder in the cited case. Admit that an Assistant United States Attorney was authorized to be appointed as a special prosecutor in the District Attorney's Office for a six-month period. Otherwise, defendant lacks sufficient knowledge to admit or deny the allegation in this paragraph.

7-10. Defendant lacks sufficient knowledge to admit or deny the allegation in these paragraphs.

11. Sentence one, deny that Mr. Bower served any FOIA requests on defendant. Sentence two is a legal conclusion to which no response is required. Sentence three, deny that the FBI and United States Attorney's Office withheld any exculpatory evidence, otherwise defendant lacks sufficient knowledge to admit or deny the allegation in this sentence.

**FBI Files Relating to Jerry Buckner, Brett "Bear" Leckie, . . . .**

12. Sentence one, deny that Mr. Roth submitted a request which stated that it was on

behalf of his client Lester Leroy Bower, Jr.; admit that Mr. Roth in his individual capacity made a request for the information reflected in the letter. Sentence two, defendant lacks sufficient knowledge to admit or deny the allegation in this sentence.

13.   Admit that Mr. Roth in his individual capacity was sent a letter from David M. Hardy;   this letter speaks for itself.

14.   Admit that such an appeal was filed by Mr. Roth in his individual capacity.

15.   Admit that such correspondence took place between OIP and Mr. Roth in his individual capacity.

16. The first sentence is a statement of law to which no answer is required; insofar as no response was made to the appeal by the agency on or before April 23, 2008, admit. Admit the remainder of the paragraph.

17.   Paragraph 17 is a legal conclusion to which no response is required.

**FBI Files HQ 163-18573, DL 179B-97 and DL 62D-5174**

18.   Sentence one, deny that Mr. Roth submitted a request which stated that it was on behalf of his client Lester Leroy Bower, Jr.; admit that Mr. Roth in his individual capacity made a request for information;   the letter speaks for itself as to what information was requested. Sentence two, defendant lacks sufficient information at this time to admit or deny.

19.   Sentence one, deny that Mr. Roth submitted a request which stated that it was on behalf of his client Lester Leroy Bower, Jr.; admit that Mr. Roth in his individual capacity made a request for information;   the letter speaks for itself as to what information was requested.. Sentence two, defendant lacks sufficient information at this time to admit or deny.

20.   Admit that said response was made to Mr. Roth's request, in his individual capacity.

21. Admit that said response was made to Mr. Roth's request, in his individual capacity.

22. Sentences one and two contain plaintiff's conclusions of fact and law to which no response is required. Sentence three admit.

23. Sentences one and two contain plaintiff's conclusions of fact and law to which no response is required. Sentence three, admit.

24. This paragraph contains plaintiff's conclusions of fact and law to which no response is required.

## EOUSA Files

25. Deny that plaintiff submitted a request which stated that it was on behalf of his client Lester Leroy Bower, Jr.; admit that Mr. Roth in his individual capacity made a request for information; the letter speaks for itself.

26. Sentence one, admit that the letter was sent to Mr. Roth in his individual capacity. Sentence two, defendant lacks sufficient information to admit or deny.

27. Sentence one, admit. Sentence two, defendant lacks sufficient information to admit or deny.

28. Admit that Mr. Roth in his individual capacity made such an appeal.

29. Admit that said letters from and sent to Mr. Roth in his individual capacity.

30 - 31. These paragraphs contain plaintiff's legal conclusions to which no response is required.

## COUNT I

32. Defendants' responses to paragraphs 1-31 are hereby incorporated by reference.

33-35. Deny

## COUNT II

36. Defendants' responses to paragraphs 1-31 are hereby incorporated by reference.

37-39. Deny.

## COUNT III

40. Defendants' responses to paragraphs 1-31 are hereby incorporated by reference.

41-43. Deny.

Paragraph beginning "WHEREFORE" contains plaintiff's prayer for relief to which no response is required; to the extent a response is deemed to be required, deny that plaintiff is entitled to any relief and deny that plaintiff is entitled to costs and attorneys fees.

        Respectfully submitted,

        /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

        /s/ Rhonda C. Fields
        RHONDA C. FIELDS
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        202/514/6970