UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY C. ROTH,<br>    on behalf of Lester L. Bower, Jr.,<br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br>        Defendant. | Civil Action No. 08-00822 (ESH) |

**STATUS REPORT**

Plaintiff, Anthony C. Roth, submits this status report to advise the Court regarding what has been accomplished in this case and what tasks remain to be completed.

**Background Facts**

On Friday, June 13, 2008, the Court held a teleconference to discuss the Freedom of Information Act ("FOIA") Complaint filed by Plaintiff. At that time, Plaintiff's client, Lester L. Bower, Jr., was scheduled to be executed on July 22, 2008. The Government agreed to expedite Mr. Roth's FOIA requests because Mr. Bower is on death row. At the conclusion of the teleconference, the Court encouraged the parties to meet and discuss ways to facilitate the processing of the FOIA requests.

Accordingly, Plaintiff's counsel and counsel for the Government agreed to meet on Tuesday, June 17, 2008, to discuss Plaintiff's FOIA requests. To facilitate the discussion, on June 16, 2008, Plaintiff's counsel provided to Government counsel a copy of the FBI's 2001 response to Plaintiff's 1999 FOIA request. The parties then met on June 17, 2008, at which time Plaintiff's counsel provided the Government with a copy of a subset of the 2001 FOIA

production. The parties agreed that given the time-constraints, the FBI would re-process this subset of documents. The FBI indicated that it could complete the processing of that subset of documents before Mr. Bower's July 22, 2008 execution date.

On July 2, 2008, Plaintiff's counsel was notified that the 15th Judicial District Court in Grayson County, Texas, had stayed Mr. Bower's execution. In a notice filed with the Court on July 7, 2008, Plaintiff's counsel advised the Court and the Government that Mr. Bower's execution had been stayed. On July 15, 2008, Government counsel informed Plaintiff's counsel that the re-processing was not complete because the FBI realized that it needed to re-process the "kick-sheets" (*i.e.*, placeholder pages used to indicate that a page had been withheld in it is entirety) that were among the subset of documents that the parties agreed, in the June 17th meeting, that the FBI would re-process.

On July 22, 2008, by letter dated July 21, 2008, the FBI released 450 pages of documents. The letter enclosing the release indicates that four of these pages had not been previously released to Plaintiff and the remaining 446 pages were among the subset of documents that the parties agreed on June 17 would be reprocessed. These 446 documents appear to have been redacted in the same manner as in 2001. With the possible exception of the four newly-disclosed pages, all the kicksheets provided for re-processing appear to have been withheld in their entirety.

### Proposed Further Proceedings

Given the stay of execution, Plaintiff believes that the case should proceed as outlined below.

First, because Mr. Bower now has a stay of execution, the Government should process Plaintiff's requests by searching for additional responsive documents and making a

determination as to whether to release or withhold any portion of the responsive documents located. Because Mr. Bower remains on death row, and because the Texas authorities may set another execution date, the government should conduct this processing on an expedited basis in keeping with the government's previously-announced decision to grant expedited treatment for the pending requests.

Second, as to any documents withheld in their entirety as a result of the re-processing of the subset of the 2001 production that Plaintiff's counsel provided to the Government, the Government should provide a *Vaughn*[1] index. Plaintiff currently has no information at all about these documents. Accordingly, a *Vaughn* index for these documents is necessary so that Plaintiff can determine whether there is a basis for the claimed exemptions and thus whether to challenge the withholdings.

Third, as to the documents that were re-processed and continue to be redacted, Plaintiff will meet and confer with Government counsel to determine whether the parties can agree to procedures for the release of some additional information about some of the documents that have been redacted. Although Plaintiff will not challenge redactions of agents' names or information about alleged extramarital affairs of any of the victims, other documents appear to contain information that has particular relevance to Mr. Bower's claim of actual innocence.

For example, documents regarding information that the FBI developed about other suspects and other motives for the murders have been nearly completely redacted. In addition, redacted documents suggest that the FBI was investigating leads relating to the murders in the very areas where persons who have been identified as the actual murderers were operating at the time. In one document, for example, someone informed the FBI that drug suppliers in Durant,

---

[1] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Oklahoma reported after the murders that their source had been "knocked off in Sherman." These documents are potentially relevant to Mr. Bower's innocence claim because people identified as the real perpetrators of the murders were located in Oklahoma City, Oklahoma and Durant, Oklahoma at the time of the murders and were involved in drug dealing. Other redacted documents involve individuals who supplied the FBI with boxes and boxes of samples of the ammunition used in the murders—ammunition that the government claimed at trial was extremely rare. To the extent that the Government concludes that it will not reconsider the redactions, the Government will need to provide a *Vaughn* index at least with respect to documents that contain significant redactions because without a *Vaughn* index, Plaintiff is unable to determine whether there is a basis for the claimed exemptions in the significantly-redacted documents.

      Plaintiff will arrange to meet and confer with counsel for the Government on these items and if an agreement cannot be reached, Plaintiff expects that the parties will discuss a proposed briefing schedule.

                                                    Respectfully submitted,

Dated: August 22, 2008                            /s/ Corinne A. Niosi

                                                Corinne A. Niosi (#456123)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1111 Pennsylvania Avenue, NW
                                                Washington, D.C.  20004
                                                Ph.  (202) 739-5824
                                                Fax (202) 739-3001
                                                cniosi@morganlewis.com
                                                *Counsel for Plaintiff*